## Mary A. Vrooman vs. Thomas J. McKaig.

It was agreed between plaintiff and defendant, as attorney for his client, that plaintiff, who had occupied and rented out a house and lot, should allow of the substitution of another tenant for the same, at an increased rent, to be paid to defendant, and by him "to the successful party in an ejectment suit," for the premises, pending between his client and the deceased husband of the plaintiff, to which the plaintiff, by leave of the court, appeared, and in which a judgment of *non pros.* was subsequently entered, by order of defend-- ant's client, the plaintiff therein. HELD :

That in a suit to recover the money paid to defendant for the rent, under this agreement, neither the defendant nor the tenant could dispute the plaintiff's title to the premises, otherwise than in the manner pointed out by the agreement.

The increased rent to be received for the property by the person entitled to it, was, of itself, a sufficient consideration to support the contract.

In an action for money had and received, the plaintiff can recover any money in the hands of defendant, which, *ex æquo et bono*, belongs to the plaintiff.

When a tenant from year to year holds over, without any new stipulations between the parties, he impliedly holds subject to all the covenants in his expired contract or lease.

APPEAL from the Circuit Court for Allegany county.

This was an action of *assumpsit* by the appellant against the appellee, to recover money paid to defendant for the use of the plaintiff, for the rent of a certain house and lot, for two years from the 2nd of April 1849. The declaration contained simply the count for money had and received. The plea was *non assumpsit.*

*1st Exception.* The plaintiff offered the evidence set out in the opinion of this court. The defendant then proposed to prove, that at the time the agreement offered in evidence by the plaintiff was executed, she had no title to the premises out of which the rents issued, for which the suit was brought; but that Elizabeth Vrooman, owned the same, and had rented them to John Z. Vrooman, who died intestate, leaving the plaintiff, his widow, and three infant children, his heirs at law; all of whom, after his death, occupied said premises. To the admissibility of this evidence the plaintiff objected;

which objection the court (PERRY, J.) overruled, and to this ruling the plaintiff excepted.

*2nd Exception.* The defendant asked an instruction, in substance, that if the jury find that the rent of the premises for the term mentioned in said agreement, was payable by the tenants to the infant children of John Z. Vrooman, or to Elizabeth Vrooman, then said agreement is void for want of consideration; which was granted, and plaintiff excepted.

*3rd Exception.* The defendant also asked an instruction to the effect, that the plaintiff could not recover, under said agreement, any part of the rents paid to him for the occupation of the premises after the first year, the term mentioned therein, had expired. This instruction was granted, and the plaintiff excepted and appealed from the judgment, which was in favor of defendant.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*J. H. Gordon* for the appellant.

1st. The evidence offered under the first exception was improperly admitted, because:—1st, it was irrelevant to the issue. 2 *G. & J.*, 326, *Stockett vs. Watkins.* 2nd, because it contradicted the written agreement of the parties, and the effect of it was to permit the tenant to call in question the title of his landlord, which cannot be done. 5 *Term Rep.*, 3, *Cooke vs. Loxley.* 3 *New Hamp.*, 502, *Hill vs. Boutell.* 17 *Verm.*, 297, *Steen vs. Wardsworth.* 8 *Metcalf*, 398, *Cobb vs. Arnold.* 2 *G. & J.*, 227, *Stoddart vs. Vestry of Port Tobacco Parish.* 2 *Gill*, 409, *Henderson vs. Mayhew.*

2nd. The defendant's first prayer was improperly granted, because the agreement shows upon its face a sufficient consideration. 1 *Term Rep.*, 378, *Birch vs. Wright.* 2 *G. & J.*, 227.

3rd. The second prayer was also improperly granted, because the law implies an agreement between the parties where a tenant under a written contract holds over, that the tenancy shall continue upon the terms of the written contract. Again,

the defendant having received the money under the agreement, the second year's rent was money had and received for the use of the plaintiff, as much as the first year's rent. 10 *G. & J.*, 149, *De Young vs. Buchanan.* 11 *G. & J.*, 450, *Anderson vs. Critcher.*

*Thomas J. McKaig* for the appellee.

The plaintiff came into possession of the property simply *as widow* of John Z. Vrooman, whose executor or administrator was the only party who could sue.

The agreement takes the case out of the law of landlord and tenant. The defendant is not and never was the tenant of the plaintiff. He was to pay to the successful party in the ejectment suit, which was of course the personal representative of John Z. Vrooman, and not the plaintiff.

Again, the agreement was void for want of a sufficient consideration. 3 *G. & J.*, 435, *Sothoron vs. Weems.* 2 *Leigh*, 569, *Reed vs. Vannorsdale.* 2 *H. & G.*, 100, *Black vs. Cord.*

The plaintiff stands upon the strict construction of the agreement, and she cannot under it *possibly* recover more than the rent for one year, the time stipulated by its terms.

LE GRAND, C. J., delivered the opinion of this court.

This is an action of *indebitatus assumpsit.* The appellant, who was the plaintiff in the court below, proved that an action of ejectment was pending in Allegany county court, between *Elizabeth* Vrooman, as plaintiff, and John Z. Vrooman, as defendant, to recover a house and lot in the town of Cumberland; that prior to the October term 1848 of said court John Z. Vrooman died, leaving his widow, the appellant, in possession of the premises, which she leased to Joseph Pelton, who occupied them and paid rent as such until 2nd April 1849. She also offered in evidence an agreement entered into 2nd April 1849, between the appellee, as attorney of Elizabeth Vrooman, Henry Fleury, and the appellant, by which it was agreed and understood, by and between the parties, that the appellant was to allow of the substitution of

Fleury, at an increased rent, for Pelton, as tenant of the premises, for one year; the rent, ($100,) to be paid to the appellee, and by him to be paid—to use the language of the agreement—"to the successful party in an ejectment suit now (then) pending in Allegany county court, for the said house and lot, between *Elizabeth* Vrooman, as lessee of the plaintiff, against John Z. Vrooman, deceased," &c. The appellant also gave in evidence the proceedings in the ejectment suit, by which it was shown, that by the leave of the court she appeared to the action, and that subsequently, by direction of the attorney of Elizabeth Vrooman, a judgment of *non pros.* was rendered by the court. The occupancy of the premises by Fleury, and the payment of rent to appellee until the 1st day of April 1851, were also proved.

To rebut this evidence the appellee offered to prove the property was that of Elizabeth Vrooman, and that John Z. Vrooman, her son, took possession of it as such, and being so possessed at the time of his death, his widow, the appellant, continued to hold and exercise control over it. To the admissibility of this testimony the appellant objected, but the court overruled the objection. It is the admission of this testimony which constitutes the first exception. We are of opinion the court erred in allowing this testimony to go to the jury, and also in granting both of the prayers of the appellee.

The agreement *ascertained*, by its own terms, to whom the rent was to be paid, by fixing the mode by which the title to the property was to be established. There was consideration for this agreement. The appellant, by her tenant, was in possession of the premises, she could not be removed except by legal proceedings. Besides, by the terms of the agreement, the rent to be received for the property by the person entitled to it was to be increased. This circumstance, independently of all others, furnishes a sufficient consideration to support the contract. The agreement admits that Fleury was to take possession as the *tenant* of the appellant, and it was not competent for him to dispute her title, nor, under its

terms, could the appellee or Elizabeth Vrooman do so, other-wise than in the manner pointed out. So far from the eject-ment suit establishing the right of Elizabeth Vrooman to the rent, it established the reverse.

The appellee is merely a stake-holder, and it is no more competent to him than it was to the tenant Fleury to question the right of the appellant to the rent, otherwise than as agreed upon between all the parties.

The appellee insists that the appellant can recover, if at all, only the rent for the first year, on the ground that as plaintiff is relying on the agreement, she must be bound by its terms. This is an action for money had and received, in which the plaintiff can recover any money in the hands of defendant which, *ex æquo et bono*, belongs to the plaintiff. The suit is not brought on the agreement. It is relied upon as evidence to show how the money came into the possession of the ap-pellee, who, having received it from the tenant of the appel-lant, must be adjudged liable for the whole amount.

There is no question in regard to the receipt of the rent by the appellee; and it is a well understood principle of law, that where a tenant from year to year holds over, without any new stipulations between the parties, he impliedly holds sub-ject to all the covenants in his lease; and in the absence of any new stipulation the law implies those terms, which are found in the contract which has expired. *De Young vs. Buchanan*, 10 *Gill and Johns.*, 149.

*Judgment reversed and procedendo awarded.*