ROBERT C. HALL *vs.* EDWARD S. MYERS.

*Landlord and tenant—What notice required, to terminate a Tenancy from year to year.*

Where property is rented for a term of three years, at an annual rent, and the tenant remains in possession after the expiration of the original term of renting, paying rent therefor at the rate agreed upon when he took possession of the property, he is to be regarded as a tenant from year to year.

In order to terminate a tenancy from year to year, notice should be given six months prior to the expiration of the tenancy.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial, the plaintiff offered the following prayer :

If the jury find from the evidence, that the defendant occupied the premises of the plaintiff on the York Road, in Baltimore County, from the first day of May, 1868, for three years, and for the probable holding for so much longer time as he pleased, by virtue of a contract of renting by and between the plaintiff and defendant, at and for an annual rental of $800 per annum, payable quarterly, at the end of each quarter of the years of occupancy, and that the aforesaid rent was paid up to February 1st, 1873, and that so occupying said premises, the defendant did, on or before the first day of May, 1873, leave the said premises, without giving the plaintiff notice of his intention to terminate said tenancy six months prior to said first day of May, 1873, they shall find for the plaintiff.

And the defendant offered the two following prayers :

1. If the jury from the evidence, believe that the defendant rented from the plaintiff the premises mentioned

in the evidence, for the term of three years, with the understanding that the said renting should continue longer, if the defendant so desired, and that the defendant continued to occupy said premises from the 1st day of May, 1868, to the 9th day of December, 1872, and on that day he vacated the said premises, and ceased to occupy the same thereafter, and about the said date informed the plaintiff that he would no longer occupy said premises, but the plaintiff could take possession of the same, as his term would expire the 1st day of May, 1873, and also, that on or about the 9th day of December, 1872, the defendant left the key of the house on the premises with the tenant of the premises, who resided on a part thereof, and that the plaintiff had immediate notice from said tenant or his wife, that the said key had been left with said tenant for the plaintiff, then the jury, if they shall be satisfied that said notice was given a reasonable time before the expiration of the year, are at liberty in this cause to find their verdict for the defendant.

2. If the jury, from the evidence, believe that the defendant rented from the plaintiff the premises mentioned in the evidence, for the term of three years, with the understanding that the said renting should continue longer if the defendant so elected, and that the defendant continued to occupy said premises from the first day of May, 1868, to the 9th day of December, 1872, and on that day he vacated the house on said premises, and ceased to occupy the same thereafter, and never occupied any portion of said premises after the first of May, 1873, and on or about the 9th of December, 1872, the said defendant gave notice to the said plaintiff that he had removed, or would the next day remove from the premises, and leave the key of the house with his, plaintiff's, tenant, Akehurst; and that on or about the 9th day of December, 1872, the defendant left the key of the house of the plaintiff with the tenant Akehurst, of which the said plaintiff had immediate notice

from said tenant or his wife, then said notice was a reasonable notice of the defendant's intention to remove from said premises and terminate the tenancy, and if the jury believe that said notice was given by the defendant to the plaintiff as testified to, their verdict should be for the defendant.

The Court, (DOBBIN, J.,) granted the plaintiff's prayer and rejected the prayers of the defendant. The defendant excepted. The jury rendered their verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*William A. Stewart,* for the appellant.

The tenancy was a tenancy at will, under the Statute of Frauds, and as there is no law in Maryland requiring any particular notice to be given, and no decision of the Court of Appeals, deciding that a notice of six months is to be given by the tenant, before the expiration of a year, to terminate such tenancy, the appellant offered two prayers, one of which left it to the jury to determine, under the circumstances of this particular case, whether or not the notice from the appellant to the appellee was a reasonable one to terminate the tenancy, and if so, to find for the defendant—the other asked the Court to instruct the jury, as a matter of law, that the notice given was a reasonable one, for the purpose indicated. The Court overruled both prayers, and granted that of the appellee, which decided that a six months' notice was necessary from the tenant to the landlord before the expiration of the year, to terminate the tenancy. The ruling of the Court was erroneous, and should be reversed. *Coffin vs. Lunt,* 2 *Pickering,* 70 ; *Ellis vs. Paige,* 2 *Pickering,* 71, *note* ; *Timmins vs. Rowlison,* 3 *Burrow,* 1609 ; *Hall vs. Wadsworth,* 28 *Vermont,* 410 ; *Clayton vs. Blakey,* 2 *Smith's Lead. Cases,* 74.

*D. S. Briscoe*, for the appellee.

The evidence proves a tenancy from year to year, and also the terms of the tenancy as embodied in the prayer. *Henshaw vs. Pleasance, et al.*, 2 *W. Blackstone R* 1173; *Right vs. Darby*, 1 *Term*, 159, 162; *Rigge vs. Bell*, 5 *Term*, 472; *Brady vs. Cavell*, 4 *Cowen*, 394; *Rowan vs. Little*, 11 *Wendell*, 616; *Adams on Ejectment*, 107; *Taylor's Landlord and Tenant*, sec. 467; *De Young vs. Buchanan*, 10 *G. & J.*, 149; *Vrooman vs. McKaig*, 4 *Md.*, 450.

Half a year's notice of intention to quit before the expiration of the year of tenancy, is necessary from either party to a tenancy from year to year, who desires to terminate the same. *Right vs. Darby*, 1 *Term*, 162; *Sauvage vs. Dupuis*, 3 *Taunton*, 410; *Timmins vs. Rowlison*, 3 *Burr.*, 1609; *Taylor's Landlord and Tenant*, secs. 467, 470, 473, 476, 481, 486; *Prigsley vs. Aiken*, 11 *N. Y.*, 496, 497.

And this rule applies equally to houses and land. *Adams on Ejectment*, 140; *Right vs. Darby*, 1 *Term R.*, 162.

The right of notice to quit is reciprocal. *Adams on Ejectment*, 104, 156, 158, 159; *Hall vs. Wadsworth*, 28 *Vermont*, 410; *Taylor's Landlord and Tenant*, sec. 470.

Robinson, J., delivered the opinion of the Court.

Suit was brought in the Court below, to recover from the appellant the sum of six hundred dollars, rent alleged to be due for three-fourths of a year beginning on the 1st day of May, 1873, and payable quarterly in the sum of two hundred dollars.

It appears that in the early part of 1868, the appellee rented to the appellant, certain property in Baltimore county, consisting of a dwelling-house and five acres of land attached, for three years, at an annual rent of eight hundred dollars. In pursuance of said contract, the appellant entered upon the premises, and continued to occupy the same, until the 9th of December, 1872, paying therefor the stipulated rent quarterly, as it became due.

There is some discrepancy in the testimony, as to the precise date of the notice from the appellant to the appellee of his intention to quit the premises, but this is immaterial, for the appellant admits he gave but *five months'* notice prior to May 1st, 1873, the end of the year of tenancy.

It thus appears from the above statement, that the appellant remained in the occupation of the house and premises for more than *eighteen months* after the expiration of the original term of renting, paying rent therefor at the rate agreed upon when he took possession of the property.

It is very clear that the tenancy thus existing between the parties, at the time the appellant gave notice of his intention to quit, was a *tenancy from year to year.*

Without reviewing the many cases in which the question of tenancy has been considered, it is sufficient to say, that it is now well settled, if the tenant remains in possession after the expiration of a term of years with the consent of the landlord, the law will imply a new renting without a definite period for its termination; and in such cases if either party desires to terminate the tenancy, good faith requires that reasonable notice be given. *Jackson vs. Wilsey,* 9 *John.,* 267 ; *Lesley vs. Randolph,* 4 *Rawle,* 123; *Jackson vs. Salmon,* 4 *Wend.,* 327 ; *Roe on demise of Bree vs. Lees,* 2 *W. Blackstone,* 1171 ; *Richardson vs. Langridge,* 4 *Taunt.,* 128, 131.

By the ancient law, it is true such a tenancy continued only during the pleasure of the parties, and might have been put an end to at any time by either party, the lessee in such cases being called, and in fact being, a mere tenant at will. But it was early determined upon principles of justice and sound policy, that estates at will were equally at the will of both parties, and neither was permitted to exercise this right contrary to equity and good faith.

Hence it was held the lessor could not determine the estate after the tenant had sown, and before he had reaped

his crop, so as to prevent the necessary egress and regress to take away the emblements, nor could the tenant terminate the estate before the period for the payment of the rent arrived, so as to deprive the landlord of his rent.

In *Doe, demise of Martin vs. Watts,* 7 *Term R.,* 85, Lord KENYON said, as early as the time of the year books it was held, that a general occupation was an occupation from year to year, and that a tenant could not be turned out without reasonable notice.

In the absence of statutory provision on the subject, the question as to what is a reasonable notice in such cases is too well settled to be questioned now. In *Right vs. Darby & Bristow,* 1 *Term R.,* 162, it was held that in the case of a tenancy from year to year, there must be half a year's notice to quit. Lord MANSFIELD said, if there be a lease for a year, and by consent of both parties the tenant continues in possession afterwards, the law implies a tacit renovation of the contract. But then it is necessary for the sake of convenience, that *if either party* should be inclined to change his mind, he should give the other half a year's notice, before the expiration of the next or any following year. It was also held in the same case, that so far as regards the notice to quit, there was no distinction between houses and lands.

The tenancy between the parties in this case being a tenancy from year to year, it follows from what we have said, that in order to terminate it, the appellant should have given six months notice prior to the expiration of the tenancy.

There was no error therefore in granting the plaintiff's, and in refusing the defendant's prayers, and the judgment will be affirmed.

*Judgment affirmed.*

(Decided 19th January, 1876.)