JOHN E. LEONARD vs. JAMES BLACK GROOME, Trustee.

## SALES.

*Sales of mortgaged real estate—Objections to ratification of such Sales—Parties in Equity—Proper, but not necessary, to make junior encumbrancers parties to proceedings for Sale of property under an elder mortgage—Purchaser of property under a Sale to satisfy an elder mortgage, takes a title clear of junior liens and encumbrances, though the junior encumbrancers are not parties to the proceedings—So of purchaser at Sale under process of execution at law to satisfy an elder judgment.*

The right of the purchaser of property, under a sale thereof to satisfy an elder mortgage, is paramount to any junior mortgages or liens, whether the holders of such liens are made parties or not.

Subsequent encumbrancers are presumed to have notice of the existence of a prior mortgage, and whilst proceedings are pending for its foreclosure, may come into the Court of equity, be made parties, redeem the elder mortgage, or assert their claims to any surplus after the satisfaction of the elder mortgage and incidental expenses.

The purchaser at a sale under process of execution at law upon a senior judgment holds the title above junior judgments, and cannot be disturbed thereby. But the holders of such junior judgments may resort *in that forum* to any surplus after satisfaction of the execution.

Upon a bill filed to enforce an elder mortgage, it is always proper that junior mortgagees should be made parties, and if application be made to the Court for that purpose while the proceedings are *in fieri*, or if the Court's attention is called to the fact that there are junior mortgages or encumbrances, the Court will direct such junior encumbrancers to be made parties.

Leonard *vs.* Groome, Trustee.

But after a decree and sale, the omission to make such junior encumbrancers parties is no valid objection to the ratification of the sale; especially not by the purchaser, who holds his title disencumbered of any claims of junior lien-holders.

APPEAL from the Circuit Court for Cecil County, in Equity.

Thomas H. P. Murphy and wife by deed of mortgage conveyed to Martha E. Hudson certain real estate situated in Cecil County, Md.

On default of the mortgagors, proceedings were had in the Circuit Court of said county for the sale of the said mortgaged real estate, a decree therefor was passed and James Black Groome was appointed trustee to make the sale.

The property was sold by the trustee to the appellant, and the report of the sale having been filed, an order *nisi* was passed. The appellant filed the following objection to the ratification of the sale by the Court :

"The undersigned, who was purchaser at the sale of the real estate in the proceedings in this cause mentioned, prays the Court not to ratify the said sale, but to set the same aside, and assigns as reason :

"That he has discovered, since said sale, that he cannot have a free and unencumbered title for the same, but that the said title is defective.

"And first, in this, that he has found out what he was ignorant of at the time, that a number of persons having liens to a large amount subsequent to the complainant in the bill have not been made parties, whereby if said sale should be confirmed, the undersigned is informed that he is likely to be subjected to great loss."

The Court overruled the objection and passed the final order of ratification; and from this decision of the Court, overruling the objection and ratifying the sale, the present appeal was taken.

Leonard *vs.* Groome, Trustee.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, STEWART and ALVEY, J.

*Alexander Evans,* for appellant.

(1.) It is a general principle that no one is to be bound by a proceeding, legal or equitable, to which he is not a party.

The fee in the land *at law* would pass to the mortgagee, but it is not so in equity.

Nor can it be said that the fee is in the mortgagor, who has made conveyance, and who has but an equity of redemption, which has been conveyed to the subsequent mortgagees, and these subsequent mortgagees, when not made parties, might claim the right to come in and redeem the land by paying the first mortgage.

(2.) Judge STORY in his treatise on *Equity Pleading,* ch. 4, *sec.* 193, says:

" All persons whose interests are to be affected by the decree ought to be made parties, with the exception that a subsequent need not make a first mortgagee a party."

And in the same section Judge STORY goes on to say—

" If indeed any encumbrancers, (whether prior or subsequent,) are not made parties, the decree of foreclosure does not bind them, as also a decree of sale would not.

" The prior encumbrancers are not bound, because their rights are paramount to those of the foreclosing party.

" The subsequent encumbrancers are not bound, because their interest would otherwise be concluded without any opportunity to assert or protect them."

And Judge STORY quotes at the end of sec. 193, a number of authorities, which, with the note in which they are contained, are hereby referred to, as are also *Lucas vs. McBlair,* 12 *G. & J.,* 1; *Tongue vs. Morton,* 6 *H. & J.,* 23, 24; *Worthington vs. Lee,* 2 *Bland,* 678.

Barroll, at page 38 of his *Chancery Practice,* says:

" The general rule is, that all encumbrancers shall be made parties, whether prior or subsequent, and though

Leonard *vs.* Groome, Trustee.

cases may be found where it has been held that a prior mortgagee need not be made a party because his rights are paramount, it would not be safe in the face of opposing authorities of the highest respectability, to say that such is the established law of the Court of Chancery." *Wylie vs. McMakin*, 2 *Md. Ch. Dec.*, 413.

(3.) To hold that subsequent encumbrancers, who are not made parties, are bound, might work great injustice. The mortgagor has already sold to them all that he had remaining after his first mortgage—his right to redeem; and of this, they are to be deprived by a proceeding against him alone.

If they had been notified by having been made parties, they might have been present at the sale, and in such case could have seen that the property brought a price such as to protect them from loss.

(4.) But it is contended that *Brawner vs. Watkins*, 28 *Md.*, 217, establishes the point that subsequent mortgagees and other lien-holders need not be made parties.

In that case there was a prior mortgage and decree; then a third party having paid the amount of this decree took a transfer of it, and had also from the mortgagor another mortgage. A fourth party obtained a judgment against the mortgagor.

The mortgagor died, and a *creditor's bill* was filed for the sale of the land. *Notice was given to creditors to bring in their claims;* the judgment creditor did not bring in his claim; the mortgages were paid in full, and a surplus was paid to the heirs of the mortgagor; it was held that the judgment creditor should have claimed this surplus, and not having done so, could not look to the land.

Now a decree in a creditor's bill is in the nature of a judgment in favor of all creditors. *Brooks vs. Dent*, 4 *Md. Ch. Dec.*, 473.

After the decree on the creditor's bill in *Brawner vs. Watkins*, an injunction would have been granted against

Leonard *vs.* Groome, Trustee.

the judgment creditor, if he had attempted to enforce his judgment by execution. *Brooks vs. Dent,* 4 *Md. Ch. Dec.,* 473.

In the case of *Brawner vs. Watkins,* there was a specific mode of notice by publication given to the judgment creditors; whereas in this, now being argued, no notice of any kind was given to the subsequent mortgagees.

The case of *Brawner vs. Watkins,* 28 *Md.,* 217, is then to be distinguished from the present case, and does not decide that subsequent encumbrancers by way of mortgage need not be made parties.

The case of *Brawner vs. Watkins,* stands on its special grounds and circumstances, and ought not to be strained to reach beyond those gronnds, or to cover a different class of circumstances.

"It has already been stated that a mortgagor may mortgage his equity of redemption, or, as it is commonly expressed, make a second mortgage of the land, and the second mortgagee stands in place of the mortgagor, as to his right of redeeming the first mortgage. And the right in equity of redeeming any number of successive mortgages, may be mortgaged anew."

Now, this being the case, notice should have been given to the successive holders of these equities of redemption, by making them parties, and not to the mortgagor alone. In *Brawner vs. Watkins,* 28 *Md.,* 217, there was at least notice to the judgment creditor, by way of publication; but in the present case there was no notice at all to subsequent mortgagees.

*Hilliard on Real Property, Vol.* 1, *ch.* 32, *sec.* 26, *page* 415, says:

"The rights of a second mortgagee cannot be impaired by any transaction to which he is not a party, between the first mortgagee and the mortgagor, nor on the other hand will such transaction operate as an extinguishment of the first mortgage, unless the circumstances plainly demand this construction."

As to parties to suits, reference is also made to *Cook vs. Brown*, 11 *Md.*, 170, 171.

*James Black Groome*, for appellee.

STEWART, J., delivered the opinion of the Court.

In this case exceptions on the part of the purchaser were filed to the sale made by the trustees appointed by the Court to foreclose an elder mortgage, alleging amongst other things, that there were outstanding junior liens, the holders of which had not been made parties to these proceedings, and his title was thus encumbered.

The Circuit Court properly overruled the exception and confirmed the sale.

- The right of the purchaser under the sale made in this case is paramount to any junior mortgages or liens, whether the holders of such liens are made parties or not.

They are presumed to have notice of the existence of the prior mortgage, and whilst proceedings are pending for its foreclosure, may come into the Court of equity, be made parties, redeem the elder mortgage or assert their claims to any surplus, after satisfaction of the elder mortgage and incidental expenses.

The same rule governs at law. The purchaser at a sale under process of execution upon a senior judgment holds the title above junior judgments and cannot be disturbed thereby. The holders of the junior judgments may resort *in that forum* to any surplus after satisfaction of the execution.

Where sales are made under power given in the mortgage in pursuance of the provisions of the 64th Art. of the Code, the purchaser acquires all the title which the mortgagor held in the mortgaged premises at the time of recording the mortgage. (*Sec.* 10, *Art.* 64, *Code.*)

By the 11th sec., any person claiming an interest in the equity of redemption, may apply to have the surplus of the proceeds equitably applied and distributed.

Leonard *vs.* Groome, Trustee.

This is analogous to the right existing on the part of subsequent holders of liens in regard to sales in Chancery under the usual modes of proceeding.

Upon a bill filed to enforce an elder mortgage, it is always proper that junior mortgagees should be made parties, and if application for that purpose be made to the Court while the proceedings are *in fieri*, or if the Court's attention is called to the fact that there are junior mortgages or encumbrances, the Court will direct such junior encumbrancers to be made parties.

This is in accordance with the best practice.

But after a decree and sale, the omission to make such junior encumbrancers parties, is no valid objection to the ratification of the sale, especially not by the purchaser,— who holds his title disencumbered of any claims of junior lien-holders. See *Brawner vs. Watkins,* 28 *Md.,* 217.

*Order affirmed, and*
*cause remanded.*

(Decided February 20th, 1878.)