Clark *vs.* Vannort.

(Decided 16th November, 1893.)

NEHEMIAH D. CLARK *vs.* WILLIAM J. VANNORT.

*Forcible detainer—Magistrate—Summary remedy—Notice to Quit—Jurisdiction of Justice of the Peace—Title to Land involved.*

Under the Act of 1886, ch. 470, (secs. 4-6 of Art. 53 of the Code) providing for dispossessing a tenant holding over, by a proceeding before a magistrate without the aid of a jury, and making such proceeding applicable, so far as may be, to cases of forcible entry and detainer, a justice of the peace may proceed after summons, and upon due proof, to enter a judgment for restitution, without the inquisition of a jury first found, and may issue his warrant to the sheriff, commanding him to dispossess the person who forcibly detains the property of another.

An employé who is permitted during his term of service to occupy a house belonging to his employer, is not, upon his discharge and forcible retention of the premises, entitled to notice to quit before the service of summons in a proceeding to dispossess him.

Clark *vs.* Vannort.

Objection to the jurisdiction of a justice of the peace on the ground that title to land is involved, is not available when made for the first time on appeal from his judgment.

APPEAL as upon Writ of Error, from the Circuit Court for Kent County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, BOYD, and BRISCOE, J.

*H. Arthur Stump*, and *Hope H. Barroll*, for the appellant.

*James Alfred Pearce*, (with whom was *Richard D. Hynson*, on the brief,) for the appellee.

McSHERRY, J., delivered the opinion of the Court.

This case has been brought up by petition as upon writ of error to the Circuit Court for Kent County. It appears by the record that the appellee made application in writing to a justice of the peace in that county, and represented that the appellant had been hired to work for him, and had been allowed to live in a house on his farm during the time the appellant might continue in the service of the appellee; that some months thereafter the appellant was discharged from the service of the appellee, and was notified to surrender possession of the house, which he refused to do, but on the contrary forcibly detained possession thereof. The appellee asked to be restored to the possession of the premises. A summons was thereupon issued by the justice, requiring the appellant to show cause why restitution of the possession of the premises should not be forthwith made to the appellee. Clark, the appellant, then requested the magistrate to transmit the papers to some other

justice for trial, but, this being refused, the case was subsequently heard, and a judgment entered in favor of the appellee for a restitution of the premises and for costs. Clark then prayed an appeal to the Circuit Court for Kent County. After the case reached that Court, Clark filed an affidavit wherein he claimed that the title to land was involved by reason of the fact that he was, as he alleged, a tenant of the appellee, and held the premises under a lease which had not then expired; and he further averred in the same affidavit that no written notice had ever been served on him to quit the premises. Upon these allegations he founded a motion to reverse the judgment of the magistrate; but the Court, after hearing testimony, which of course does not appear in the record, affirmed the judgment appealed from. Thereafter a petition was filed for the removal of the record into this Court as upon writ of error; and the errors assigned were, first, that the justice of the peace had no jurisdiction to hear the case, because it did not appear upon the face of the proceedings before him that a notice in writing had been given to Clark by Vannort to remove from and quit the premises; secondly, because the justice had been notified that the title to land was in controversy; and, thirdly, because, if the proceeding be treated as one for forcible detainer, the proper method was by inquisition, or by view of the premises and of the detainer.

A motion has been filed to dismiss the appeal, or, strictly speaking, to quash the writ of error.

If the magistrate had jurisdiction to hear and determine the case, this Court obviously has no authority to review either his judgment or that of the Circuit Court on appeal from him. For the correction of any error committed by him, if he possessed jurisdiction, the law has provided a remedy by allowing an appeal to the Circuit Court, and the decision of that tribunal upon such

an appeal is final and conclusive. The inquiry then is, did the magistrate have jurisdiction in the premises?

The proceeding was for a forcible detainer, not for a forcible entry and detainer; nor was it one by a landlord against his tenant for holding over after the expiration of his term. There is no statutory provision in the Maryland Code upon the subject of forcible entry or detainer apart from the brief declaration contained in *sec.* 6, *Art.* 53 *of the Code*, that the proceedings relating to a tenant holding over "shall apply, so far as may be, to cases of forcible entry and detainer." Except for the provision just cited, proceedings in forcible entry and detainer, or forcible detainer alone, would be controlled exclusively by such of the early Acts of Parliament as are still in force in Maryland.

Forcible detainer, which is a misdemeanor, is when a man who enters peaceably afterwards detains his possession by force; as if he threatens a corporal damage to him who attempts to enter. *Hawk. P. C.*, *ch.* 28; *Commonwealth vs. Rogers, et al.*, 1 *Sergt. & Rawle*, 124; and the same circumstances of violence or terror which will make an entry forcible, will also make a detainer forcible. 1 *Rus. on Crimes*, 288. Even a termor, it seems, is guilty of a forcible detainer if he holds over with force after the expiration of his term, though no attempt to enter be made. *Baron Snigge vs. Shirton*, *Cro. Jac.*, 199; *Com. Dig.*, *Forcible Detainer*, (*B.* 1); 1 *Rus. on Crimes*, 289.

Under the *Statute of* 15 *Richard II, ch.* 2, confirming former statutes relating to forcible entry, a justice of the peace may go to the place where such force is used, and if he find that any hold forcibly he shall commit them to the next jail, there to abide convict by the record of the justice until they have made fine and ransom to the King. *Alex. Br. Sts.*, 196. Consequently any justice of the peace, upon view of the force, and a record of it, may commit the offender.

Clark *vs.* Vannort.

By the *Statute of* 8 *Henry VI, ch.* 9, confirming the previous *Act of* 15 *Richard II, ch.* 2, a justice of the peace shall inquire of a forcible entry or detainer, and on such inquiry shall direct warrants to the sheriff to summon indifferent persons dwelling next about the lands so entered to inquire of such entries. *Alex. Br. Sts.*, 229. Under this statute every justice of the peace was authorized to make inquisition upon a forcible entry or detainer. *Com. Dig., For. Entry,* (*D.* 2).

It thus appears that two summary remedies were open to a person forcibly deprived of the possession of his property. The first, and formerly perhaps the most expeditious, was that by a justice upon his own view or inspection of the premises and his decision upon the facts in evidence before him. His power was limited however to the commitment of the offender, and did not extend to a restitution of possession of the premises. The second remedy restored possession of the premises by the warrant of the justice directed to the sheriff, as in the case of a tenant holding over; and until recently this warrant could only have been issued after the finding of an inquisition by a jury summoned for the purpose. The *Act of* 1886, *ch.* 470, *Code, Art.* 53, *secs.* 4, 5 *and* 6, provided for dispossessing a tenant holding over by prescribing a mode of proceeding before a magistrate without the aid of a jury, giving, however, to the tenant as well as to the landlord, a right of appeal to the Circuit Court, where a trial by jury might be had. This proceeding is by the same *Act of* 1886, *Art.* 53, *sec.* 6, *of the Code,* made applicable, so far as may be, to cases of forcible entry and detainer. It follows, then, that in lieu of the method prescribed by the statute of 8 *Henry VI,* a justice of the peace may now, under *Art.* 53 *of the Code,* proceed after summons and upon due proof to enter a judgment for restitution, without the inquisition of a jury first found, and may issue his warrant to the sheriff

The application made by the appellee to the justice alleged that Clark forcibly detained possession of the premises owned by Vannort; and the steps taken by the justice thereafter were in accordance with the provisions of *Art.* 53 *of the Code.* According to the allegations of the application made to the magistrate, Clark was not a tenant, and no other notice than the summons served upon him was necessary. A notice to quit must always precede the summons for a tenant holding over; but one who holds possession by force is entitled to no preliminary notice at all.

The justice had consequently, upon the face of the proceedings, undoubted jurisdiction to try the question thus brought before him; and if he erred in the judgment he pronounced, his jurisdiction was not ousted thereby, but his error, if error there was, could have been corrected on appeal to the Circuit Court.

But it has been insisted the justice was without jurisdiction, because the title to land was involved. With respect to this objection it is only necessary to say that the claim appears to have been made for the first time on appeal in the Circuit Court, and consequently was interposed too late. But beyond this, *sec.* 5 *of Art.* 53, *of the Code,* prescribes with particularity when and how such a defence shall be taken, and what shall be done both by the party relying upon it and by the justice of the peace; but not a single one of these provisions of the statute appears to have been complied with.

As the magistrate had jurisdiction to hear and determine the case brought before him, this Court has no authority to review either *his* judgment or that of the Circuit Court on appeal from him, and the writ of error must therefore be quashed.

*Writ of Error quashed,*

