## THOMAS A. HOBBS ET AL. *vs.* IGNATIUS BATORY, ADMINISTRATOR OF JOHN BUCK.

*Landlord and Tenant—Co-Tenants—Tenant Holding Over—Parol Evidence to Vary Terms of Lease—Prayer Too General.*

In an action by a landlord to recover rent under a lease executed by two persons as co-tenants, no evidence is admissible to show that one of the lessees signed the lease merely as surety for the other.

When land is leased for one year and the tenant remains in possession after its expiration with the landlord's consent, the law implies a new renting at the sum named in the lease.

A prayer asking the Court to rule as a matter of law that the defendant is not liable in the action, without stating any reason therefor, is defective when the case is tried before the Court as well as when it is submitted to a jury.

Appeal from the Circuit Court for Howard County (JONES, J.) At the trial the plaintiff's second and third prayers, which were granted, were as follows : (2). That by the true construction of the agreement offered in evidence the defendants were cotenants of the plaintiff of the property therein named. (3). That if, after the termination of the year therein named, they remained in possession of the property as they had held it during that year with the plaintiff's assent, then they became his tenants from year to year at the rent named in said agreement. The defendants' prayer, which was rejected, prayed " the Court to rule as a matter of law that he, said Stephen R. Hobbs, is not responsible for the second year's rent sued on in this case."

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Wm. G. Sykes* (with whom was *John G. Rogers* on the brief), for the appellant.

*J. Mackubin* and *Daniel M. Murray*, for the appellee, submitted the cause on their brief.

PAGE, J., delivered the opinion of the Court.

This is an action of assumpsit brought to recover the rent of a farm, alleged to be due from the appellants to the appellee.

The *narr.* contains the usual money counts and in addition thereto two special counts, viz: One that the appellee rented the farm to the appellants for one year, and the appellants held over for another year, but have not paid the rent for the second year ; the other, that the appellants were indebted to the appellee in the sum of $200, for the rent of the farm and in consideration of forbearance to " press the collection " thereof, promised to pay the same by the first day of December, 1895, but did not do so. The appellee offered in evidence a written contract signed by both the appellants and the appellee and dated the first day of October, 1893, by which it was agreed that " John Buck has rented his farm on which he now resides to the said Thomas A. Hobbs and Stephen R. Hobbs for one year, containing one hundred and thirty-six acres, for the sum of two hundred dollars." The appellants offered oral evidence tending to prove that Stephen R. Hobbs signed the paper as surety only, for his brother. On application of the appellee the Court ruled as a matter of law, the case having been tried without the intervention of a jury, that " by the true construction of the agreement offered in evidence, the defendants were cotenants of the plaintiff of the property therein named." There was a special exception to this prayer (the second asked for by the plaintiff), as well as to the plaintiff's third prayer hereinafter referred to, upon the

ground there was no evidence in the case legally sufficient to support them. In granting the prayer already stated as well as the plaintiff's third prayer, we think the Court committed no error. Evidence tending to show that Stephen R. Hobbs was a mere surety might be available for the purpose of determining the rights of Stephen as against his brother Thomas Hobbs, but not for the purpose of altering the legal effect of the written instrument. It is by that the parties have deliberately chosen to express their agreement. All oral stipulations must be regarded as merged in it. This is the general rule, and though there are certain exceptions to its application, it is sufficient to say, there are no facts in this case that prevent the general rule from applying. *Grove, Trustee,* v. *Rentch,* 26 Md. 367. Here the parties specifically agree that the appellee has rented to both the appellants, thereby clearly establishing the relation of landlord and tenant, between the appellee as landlord, and both the appellants as tenants.

The third prayer of the appellee asserted the proposition that if after the termination of the year mentioned in the agreement, the appellants "remained in possession of the property, as they had held it during that year, with the appellee's assent, then they became the tenants of the appellee, at the rent named in the agreement." This prayer required two things to be established before the relation of landlord and tenants could be found for the second year, viz : First, that the appellants *remained in possession,* and second, that such holding over was with the appellee's consent. The words "as they held it during" the first year, does not affect the legal proposition ; for if they remained in possession during the second year, whether or not precisely in the manner and form of the possession of the first year, and with the landlord's assent, their possession will be referred to their agreement to rent, and the relation of landlord and tenant must be held to exist. Under such circumstances the law implies a new renting without a definite period of its termination. *Hall* v. *Myers,* 43 Md. 450.

But it is objected, there was no evidence legally sufficient to support the prayer.   Now the defendants, it is true, did offer evidence tending to show that Stephen Hobbs did not remain in possession during the second year, and in fact had never occupied the property.   But the prayer is not based upon this theory of the evidence.   It would have been perfectly proper for the appellants to have asked an instruction as to what the law was, in case the jury found that but one of the appellants had continued in possession after the first year.   But this was not done, and the only question now is, was there any evidence in the case that both the appellants continued in possession after the first year with the appellee's consent?   And that the possession, whatever it was, was with the appellee's consent is not controverted.   That there was evidence of the appellants' possession we think in the present condition of the record, cannot be successfully controverted.   The appellee testified that "the defendants continued on in possession of said farm after the expiration of the year just as they had held it during that year."   This is an explicit declaration that the defendants, both of them, were in possession both years, and that the possession of each year was the same.   There is no qualification as to positive character of the possession in either year ; and if the jury chose to believe this statement, without modifying it by what was subsequently testified to by the witnesses for the appellants, they would have been able to find the possession of both the appellants continued uninterruptedly during both years.   Here the Court was acting as both Court and jury, and was entirely without error, in considering its rulings, as if in its province as a Court, it was instructing a jury.   *Green* v. *Ford*, 35 Md. 82.   It is true, as we have said, there was other evidence to the effect that Stephen Hobbs did not retain the possession during the second year, but whether this was the fact or not, was a question to be determined by the Court when discharging the function of a jury.

The prayer offered by the appellants fails to state any fact

or omission in the proof of facts upon which as matter of law the Court was called on to declare that Stephen R. Hobbs was not responsible for the second year's rent. Where a Court is called upon to discharge the functions of both Judge and jury, the same rule as to instructions applies as would apply if there was a jury. *Lyon* v. *George*, 44 Md. 302. Now this instruction would manifestly be improper to be given to a jury. It is a general denial of the plaintiff's right to recover as against Stephen Hobbs, but it submits no proposition of law, and therein differs from the prayer that there is no evidence legally sufficient for the plaintiff to recover, as was pointed out by this Court in the case of the *Western Md. R. R. Co.* v. *Carter*, 59 Md. 311. It takes away from the jury its province of weighing the evidence, of determining upon the credibility of witnesses, and of finding the proper inferences of fact from the several matters offered in proof. It therefore entirely ignores the separate functions of Court and jury, and was properly rejected. *Reier* v. *Strauss*, 54 Md. 291; *Dorsey's Extrs.* v. *Harris, Admr.*, 22 Md. 88.

Finding no error, the judgment will be affirmed.

*Judgment affirmed.*

(Decided June 22d, 1897).