HAMMOND DIETRICH AND ANDREW J. DIETRICH,
Co-Partners, Trading as Dietrich Brothers,

*vs.*

WM. J. O'BRIEN, JR., Receiver of the Aumen Machin-
ery and Supply Company of Baltimore City.

*Landlord and tenant*: *tenant holding over; receivers.*

In general, where real property is rented for a term of years,
and, with the consent of the landlord, the tenant remains in
possession at the expiration of the term, the law implies a sub-
sequent tenancy from year to year.                    p. 484

But the mere appointment of a receiver by a Court does not
render him the assignee of a term under an unexpired lease;
such a receiver stands in the position of an assignee, with re-
spect to his right to adopt the lease and become liable on its
covenants; and the receiver may retain possession for a rea-
sonable time, to determine whether he will adopt the lease or
not.                    pp. 485-486

A receiver is merely an arm of the Court, assisting in wind-
ing up the affairs of the estate and protecting the interests of
the creditors.   ·                    p. 486

If a receiver adopts the lease, he is bound to the payment
of the rent as stipulated by it; but if a receiver holds over
beyond the term, he is not, for that reason merely, to be consid-
ered a tenant from year to year, but is only a tenant at will.
                    p. 486

*Decided January 15th, 1914.*

Appeal from the Circuit Court No. 2 of Baltimore City
(GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BRISCOE, J., presiding;
BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John S. Biddison* and *John B. Gontrum,* for the appellants.

*Wm. J. O'Brien, Jr.,* and *Isaac S. George,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee was appointed by an order of Circuit Court
No. 2 of Baltimore City, receiver of the Aumen Machinery
and Supply Company, upon a bill filed by certain creditors
alleging the insolvency of the corporation. The receiver
continued the business under the supervision of the Court
for a period of over one year and nine months, using and
occupying the premises which had been occupied by the cor-
poration, and paying, as rental therefor, the same monthly
instalments as had previously been paid by the corporation.
It appears from the record that the said premises had been
leased to the corporation by the appellants, in this appeal,
for a period of five years ending the first day of October.
1911, at a certain stipulated yearly rental, payable in equal
monthly instalments at the end of each successive month.
The receiver was appointed on the 26th day of July, 1910,
and took possession of the premises immediately after his
appointment and continued his occupancy, not only until the
end of the term, as provided in the lease between the corpora-
tion and the appellants, but until the 30th day of April.
1912, paying in the meantime, the full monthly instalments

of rent as provided in the aforesaid lease. Previous to vacating the premises, the appellee gave one month's notice of such intention.

The appellants intervened by petition and prayed the Court to pass an order to compel the receiver to pay to them a sum equal to the amount of the rental, under the terms of the lease, from the day of vacating the property until the first day of October, 1912, less an amount received by the appellants from a re-renting of the property. This the lower Court refused and passed an order dismissing the petition. From which order, this appeal was taken.

The theory upon which the appellants base their claim, is that the receiver was the assignee of the unexpired term of the lease and when he continued to occupy the premises after the expiration of the term, he then was a tenant holding over after a term of years and became a tenant from year to year, and consequently liable for the rent for the remainder of the year, ending on October 1st, 1912. It is seen, therefore, that the point raised is not one as to whether the receiver is liable, as was the point in all of the cases cited by the appellants, for rent during the unexpired portion of the term of a lease, where a receiver occupies the premises and vacates before the end of the term; or whether he is liable for the stipulated, as against reasonable, rent when he continues to the end of the term. All of that has been paid in full, down to the day of vacating, and no question is made as to that. But the point involves what was the nature of the holding by the receiver down to the end of the fixed term, and, further, after he continued over the the term, what was the nature of his new holding.

The appellants to sustain that the new holding was that of a tenancy from year to year, relies upon cases similar to *Biggs* v. *Stueler,* 93 Md. 100, wherein it is held that where real property is rented for a term of years and the tenant remains in possession after the expiration of the term, with the consent of the landlord, the law *implies* a subsequent

tenancy from year to year. There can be no question about the correctness of this principle generally as between landlords and tenants. But in the case of ordinary chancery receivers, such as in this case, we think there is considerable distinction to be recognized.

It is settled in this State by the case of *Gaither* v. *Stockbridge,* 67 Md. 226, that a receiver differs from assignees in bankruptcy or insolvency in that they, as assignees, are vested with the legal title to an unexpired term of a lease and become assignees of the term by operation of law, unless they see fit to reject it, as not being beneficial to the creditors, but that a receiver is clothed with no estate in the property, but is a mere custodian for the Court. "But he does not, by taking such possession, become assignee of the term, in any proper sense of the word. He holds that. as he would any other personal property involved, for and as the hand of the Court, and not as assignee of the term." In that case, the effect was made to compel the receiver to pay for a quarter's rent coming due after he had occupied the premises for a short period, but subsequent to the vacating. That case is also authority for permitting the landlord to share as a general creditor for the rent for the unexpired term in cases when the corporation is not dissolved, and when the premises are not occupied by the receiver, and was followed in *Woodland* v. *Wise,* 112 Md. 35.

In this case, however, the receiver occupies the premises until the end of the term and paid the same rent in the same instalments as provided by the lease. In 34 *Cyc.* 263, the rule applicable to a receiver occupying leased premises, is thus stated: "While recognizing that the mere appointment of the receiver does not render him an assignee of the term, the courts have considered such receiver to stand in the same position as an assignee with respect to his right to adopt the lease and became liable on its covenants, and the general rule has become established by the weight of authority that he may retain possession a reasonable time to enable him to

determine whether he will adopt the lease, and that he may thus become liable to pay rent according to the covenants in the lease."

It is, then, by the best considered cases established that if a receiver adopts the lease, he is held bound to the payment of the rent as stipulated by the lease; but that if he continues to hold over the term that then he is to be considered a tenant from year to year has never been so decided in this State, and, so far as our research of the authorities has gone, never so decided elsewhere. It must not be lost sight of that a receiver is merely an arm of the Court assisting in winding up the affairs of the insolvent and protecting the interests of the creditors. If he sees fit to adopt the lease, he does so for the fixed and definite period. If he remains after the term, it is inconceivable that the law would imply, from the very character of his duties, that he is creating a new tenancy from year to year. We are of the opinion that when he adopts the lease that then he is liable on all the covenants up and until the end of the term, but that thereafter, without any further agreement or action upon the part of either the lessor or receiver, that all the law should imply would be a tenancy at will. In Baltimore City, thirty days' notice is requisite to terminate a tenancy at will and as this notice was given and the rent was fully paid until the expiration of that time, we think the action of the lower Court in dismissing the petition was proper.

*Order affirmed, with costs to the appellee.*