## J. RICHARD SMITH *v.* ERROL G. PRITCHETT
[No. 50, January Term, 1935.]

*Decided April 3rd, 1935.*

The cause was argued before BOND, C. J., PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*V. Calvin Trice,* for the appellant.

*Thomas W. Simmons,* for the appellee.

PARKE, J., delivered the opinion of the Court.

On January 18th, 1929, a certain tract of land in Dorchester County was sold to Elaine S. Bare, who entered in possession; and, on May 29th, 1929, the vendee demised the tract to Errol G. Pritchett for the term of one year, beginning on January 1st, 1930, and ending on December 31st, 1930. After the execution of the contract of rental in writing, but before its term began, the vendors borrowed $6,000 of the Maryland-Virginia Joint Stock Land Bank of Baltimore, and delivered to the lender a mortgage deed, which was dated September 1st, but was executed October 1st, 1929, conveying the tract of land mentioned for the purpose of securing the payment of the loan. Subsequently the vendors, in consideration of the assumption by the vendee of the payment of the mortgage debt and the satisfaction of the residue of the purchase price, conveyed, on December 10th, 1930, to the vendee the land previously purchased under the contract of sale. There was no renewal demise in writing, but the tenant held over upon the expiration of the original term of one year, and thence from year to year continuously, without any change in the ownership of the land until 1934, when the mortgagee assigned the mortgage debt and deed for the purpose of foreclosure. A public sale was had on October 16th, 1934, under the power contained in the mortgage, and the assignee reported the sale of the mortgaged premises as having been made to J. Richard Smith, "subject to such rights, if any,

as the present tenant may have." After the sale had been duly ratified, the purchase money had been paid, and a conveyance of the mortgaged premises to the purchaser had been duly delivered, the respondent, Errol G. Pritchett, refused to deliver possession of the premises to the purchaser at the foreclosure sale, and thereupon the purchaser, who was the grantee of the assignee of mortgagee, filed his petition, on December 5th, 1934, in the foreclosure proceedings for a writ of *habere facias possessionem*. On the denial of this writ by the chancellor, the grantee took the pending appeal.

If, as against the purchaser, the occupant of the premises was not entitled to hold possession as tenant of the mortgaged premises after foreclosure and deed to the purchaser, the dispossessed purchaser was entitled to the remedy invoked. Code, art 66, sec. 19; art. 75, sec. 99.

It is provided by statute that when a mortgage foreclosure sale has been confirmed by the court and the purchase money has been paid, the sale shall pass to the purchaser all the title the mortgagor had in the mortgaged premises at the time of the recording of the mortgage. Code, art. 66, sec. 11. So, after the execution, delivery, and recording of a mortgage, it is beyond the power of the mortgagor by his own act to impair or modify the estate conveyed, and the title that passes is not determined by that of the mortgagor at the time of foreclosure. *Sullens v. Finney,* 123 Md. 653, 657, 91 A. 700; *Felgner's Admrs. v. Slingluff,* 109 Md. 474, 480, 71 A. 978; *Duval v. Becker,* 81 Md. 537, 549, 32 A. 308; *Leonard v. Groome,* 47 Md. 499, 504; *Warfield v. Ross,* 38 Md. 85, 90. Furthermore, if a lease be made prior to the mortgage, the statute prescribes that the purchaser at a foreclosure shall have the same rights and remedies against the tenants of the mortgagor as the mortgagor had, and that the tenants shall have the same rights and remedies against the purchaser as they would have had against the mortgagor, but, with respect to leases made subsequent to the mortgage, the statute enacts that such leases shall not be valid as against the purchaser. Code, art, 66, sec. 20.

The problem then is whether the tenant of the mortgagor at the time of the foreclosure sale was holding his term under a lease that began before or after the execution of the mortgage deed. There can be no dispute that the tenancy first created in writing was for the definite term of one year, which ended after the mortgage deed was delivered and recorded, and that the tenancy arising from the tenant's holding over after the expiration of the term of the first tenancy necessarily began upon and not before the expiration of the first term. The original tenancy was a tenancy for years, but the succeeding tenancy was from year to year. The difference between the two tenancies was, therefore, the distinguishing characteristics between the two distinct tenancies. The first tenancy was for a definite term of one year and expired by its own limitation at the last moment of the day on which the year of the tenancy was to expire. In order to dissolve this relation of landlord and tenant, no notice to quit is necessary at common law, because both parties are apprised of their rights and duties, the demise ends by force of its provisions in accordance with the contract, and the lessor may at once re-enter and resume possession, but may not put the tenant out by force, and the lessee becomes a wrongdoer if he does not surrender his possession. *Taylor on Landlord & Tenant* (8th Ed.) secs. 465, 22, 215; *Tiffany on Landlord & Tenant*, secs. 12, p. 45, sec, 196, p. 1419, sec. 206, p. 1466, sec. 209, p. 1470; *Venable's Syllabus of Law of Real Property* (Brodie Ed.) 41-42, 54-55.

While a tenancy from year to year may arise after the expiration of a tenancy for years, it is a new renting which begins upon the expiration of the tenancy for years, either because the landlord and tenant have so expressly agreed or the law has made a similar implication should the tenant continue in possession, without further contract, for another year, by consent of his landlord. The fundamental difference between a tenancy for years and from year to year is that the first is for a definite period of time and terminates by lapse of that time, with-

out notice, although for the exercise of the right to the summary remedy for the recovery of possession of the land under the statute a statutory notice must be given (Code, art. 53, secs. 1-8), and that the second tenancy is for a first period of time with an indefinite succession of periodic renewals unless determined by a notice to quit to the other by either the landlord or the tenant, since the right to a notice to quit is reciprocal. In other words, an estate for years is for a term certain, but one from year to year is an estate where no particular period of time is limited for its duration. *Taylor on Landlord & Tenant* (8th Ed.) secs. 467-470, 482; *Venable's Syllabus of Law of Real Property* (Brodie Ed.) 60; *Hall v. Myers,* 43 Md. 446; *Clark v. Vannort,* 78 Md. 216, 221, 27 A. 982; *Hobbs v. Batory,* 86 Md. 68, 70, 37 A. 713; *Biggs v. Stueler,* 93 Md. 100, 109, 48 A. 727; *Tiffany on Landlord & Tenant,* sec. 14, pp. 119-140, sec. 196, p. 1427, sec. 207, p. 1468, secs. 209-210, pp. 1478-1491.

Accordingly, on principle and authority, a tenancy for years and a tenancy from year to year are two distinct contracts. When the two tenancies in the same parcel of land are successive and between the same landlord and tenant, the termination of the first tenancy is the end of one contract and the beginning of the other. So, in *De-Young v. Buchanan* (1838), 10 G. & J., 149, the original demise was for a tenancy for years, which expired on August 20th, 1834, and the tenant remained in possession for nine months, for which he paid the landlord the quarterly rent due under the terms of the tenancy for years, but without prejudice to any right of the landlord to demand a greater rent claimed for use and occupation. Since the parties had not expressly agreed on the amount of the rent, the court held the suit for use and occupation must be founded on an implied contract. In speaking with reference to the principle of law that would control its decision, the court said:

"It seems at this day to be well settled law that when a tenant for years, or from year to year, holds over after the expiration of the term, without any new stipulations

between the parties, he impliedly holds subject to all the covenants in the lease which are applicable to his new situation. *Digby v. Atkinson,* 4 Camp Rep. 275; *Doe dem. Riggs v. Bell,* 5 Term Rep. 471; 13 John. Rep. 297.

"If this be a correct view of the law, it follows as a necessary and unavoidable conclusion that in the absence of any new and express stipulation in such cases, and when the relation of landlord and tenant does exist, the law will imply those terms, which are found in the contract which has expired."

The appeal of *Vrooman v. McKaig,* 4 Md. 450, is a case where a landlord demised land for the term of one year. At the expiration of the tenancy for years, the tenant held over, without any express agreement, and became a tenant from year to year, and the court, adopting the language quoted, again declared that, under a well understood principle, the law, in the absence of any new stipulation, implied that the terms of the tenancy from year to year were those which were found in the tenancy for years, which was a contract that had expired. 4 Md. 450, page 454. *Semble, Hall v. Myers,* 43 Md. 446, 450; *Kinsey v. Minnick,* 43 Md. 112, 121; *Dietrich v. O'Brien,* 122 Md., 482, 484, 485, 89 A. 717. Similarly, in *Hobbs v. Batory,* 86 Md. 68, 70, 37 A. 713, it was decided, in a case where the original demise was for a term certain, that the immediately succeeding tenancy 'from year to year implies a new renting without a definite period for its termination. See *Cramer v. Baugher,* 130 Md. 212, 215, 100 A. 507; *Fetting etc. Co. v. Waltz,* 160 Md. 50, 53, 55, 152 A. 734.

Since it is clear on this record that the tenancy for years ended, and the next succeeding tenancy from year to year began, with the expiration of the term of the tenancy for years, and the execution and delivery of the mortgage deed was after the beginning of the term of the tenancy for years, but before that of the tenancy from year to year, the tenant under the lease from year to year had no right of possession as against the mortgagee and his assignee, and, therefore, possession was not re-

served as against the title passing by the foreclosure sale, and the chancellor was in error in refusing to issue the writ commanding the tenant to deliver possession of the mortgaged premises to the purchaser. *Supra.* And see *Russum v. Wanser,* 53 Md. 92; *Duval v. Becker,* 81 Md. 537, 547-549, 32 A. 308; *Wootton v. White,* 90 Md. 64, 66, 44 A. 1026, but now modified by Code, art. 66, sec. 26.

> *Decree reversed, and cause remanded for further proceedings in conformity with this opinion, and the appellee shall pay the costs.*