## JOHN HENDERSON, JR., et al.,

### *vs.*

## ISAAC O. HARPER, Trustee, et al.

*Injunctions: pleading; filing written instruments referred to in bill. Parties: non-joinder; demurrer. Laches.*

Under General Equity Rule No. 4, no order or process will be made or issued on any bill, etc., until each bill, etc., together with all the exhibits referred to as parts thereof, be actually filed with the clerk.                                    p. 432

Where a bill in equity is filed for the purpose of charging the lands of a decedent with the payment of certain sums of money alleged to be distributable to his children as legatees under his will, which is referred to in the bill, the will of the testator is a necessary part of the bill and should be filed therewith.  p. 432

The non-joinder or defense of the want of necessary parties, when apparent on the face of a bill, may be availed of by demurrer to the bill.                                   p. 432

Equity does not countenance laches or long delays, and will refuse to interfere in favor of a party guilty of laches or unreasonable acquiescence in the assertion of stale demands.  p. 433

*Decided January 12th, 1916.*

Appeal from the Circuit Court of Baltimore City.  (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Wm. Edgar Byrd,* for the appellants.

*R. Howard Bland* (with a brief by *Bartlett, Poe, Claggett & Bland,* and *Harley & Wheltle*), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The object of the proceedings, in this case, is to charge the estate of John Henderson, deceased, with the payment of the sum of three thousand three hundred and thirty-three dollars, alleged to be the property of his surviving children, and to which it is alleged they became entitled upon his death, as part of the proceeds of their mother's estate.

The facts as disclosed by the bill are these:

Mrs. Emaline C. Henderson, of Baltimore City, the mother of the plaintiffs, died on or about the 18th of June, 1895, intestate, but seized and possessed in fee simple of a lot of ground, improved by a three-story dwelling house, known and numbered as 1610 McCulloh St., Baltimore City.

She left surviving her, four children and her husband, John Henderson, and upon her death the property vested, under the existing law, the wife dying prior to the Act of 1898, in these children, as tenants in common subject to the life estate therein of the surviving husband.

The bill charges, that on or about September 30, 1895, the surviving husband, and the children of the mother sold the house and lot whereof she died seized and possessed to one James A. Richardson for the sum of ten thousand dollars, and by deed of the same date, conveyed the lot, in fee simple, to him, that the purchase money was delivered to the husband, who voluntarily divided it, as follows: Two-thirds thereof, to wit, six thousand six hundred and sixty-six dollars and sixty-six cents he paid to the children and retained for his own use,

the remaining one-third thereof, with a declaration, at the time, that "he would retain this amount during his lifetime and apply the income thereof to his own use, and upon his death they, meaning the children, would be entitled to the principal."

The bill then avers that it was the belief of the husband, at the time of the sale of the property and the payment of the purchase money, that he was entitled to the use of one-third of the purchase money only for his lifetime, and that he was not aware that he was entitled to the use of the whole fund for life.

The bill further avers, that John Henderson, died on or about the 10th of January, 1914, possessed of the $3,333 1/3, but which was intermingled with his other property, during his life, and it passed, at his death, to the trustee and executor of John Henderson, for the uses and purposes set out in his will; that while his personal estate is not sufficient in the hands of the executor to pay the amount due them, his real estate is sufficient to pay his debts, and they are entitled to have the estate charged, with the payment of the fund to which they are entitled. The prayers for relief, as set out in the bill are as follows: (1) That the estate be charged with said amount; (2) That the trustee may account for the same; (3) That the said sum may be distributed among the parties entitled thereto, and (4) The prayer for general relief.

The defendants demurred to the bill and upon hearing, the demurrers were sustained and the plaintiffs declining to amend, the bill of complaint was dismissed, with costs, by the Court below.

The bill in this case, we think, was defective in several respects, and the Court was right in sustaining the demurrer, and upon the refusal of the plaintiff to amend, in dismissing the bill.

By General Equity rule No. 4, it is provided that no order or process shall be made or issued upon any bill * * *, and

other paper until each bill or petition together with all the exhibits referred to as parts thereof be actually filed with the clerk.

It will be seen, that in this case the will of John Henderson, referred to in the ninth paragraph of the bill, is a necessary part thereof, and should have been filed with the bill. Isaac O. Harper, executor and trustee, under the will is a party defendant, and the prayers of the bill are to charge the trust estate with the payment of the claim, and requiring the trustee and executor to account in a Court of Equity for the fund in question. *Chappell* v. *Clark*, 92 Md. 100.

By exhibit No. two, filed with the bill, it appears that two of the children of Mrs. Henderson are married, and it is stated by the appellee that all of them are married. It is clear, that if the property in question is to be treated as real estate, they are necessary parties to the case.

The joinder of the husbands and wives would be required to bind their interest.

The non-joinder or defense of the want of necessary parties when apparent upon the face of the bill can be availed of by demurrer, to the bill; *Miller's Equity*, sec. 140; *Phelps' Juridical Equity*, sec. 39.

If the fund here in question is to be treated as personalty at the date of the division between the father and the children of Mrs. Henderson, the first wife, it was properly distributed between the parties in interest; Art. 93, sec. 121, *Code P. G. Laws*; *Vogel* v. *Turnt*, 110 Md. 200.

The contention of the appellants is, that the husband was entitled to the whole fund during his life, but he voluntarily paid to this children two-thirds thereof, in ignorance of his legal rights and retained "one-third of what he was entitled, during his life and apply the income thereof to his own use, and upon his death they would be entitled to the principal thereof."

We find but little merit in the plaintiff's contention, under the facts of this case.

The father treated the fund here in dispute for over eighteen years as his absolute property, with the consent and acquiescence of the plaintiffs. It was not only treated by all parties as his property, but it was intermingled with his own, and passed at his death to the appellee, as executor and trustee, under his will.

The children accepted and received under the agreement with their father, the sum of $6,666.66 on the 30th of September, 1895, and with legal interest thereon up to his death, would amount to $13,976.38, a sum larger than they were entitled to, if they had received the whole amount, under the law, at the death of their mother.

It is not alleged that the plaintiffs were ignorant of their father's rights at the time they accepted the $6,666.66, but are relying upon their father's ignorance of the law, to aid them in securing a larger sum.

It is well settled, that Courts of Equity do not countenance laches or long delays and refuse to interfere in favor of a party guilty of laches or unreasonable acquiescence in the assertion of stale demands, after a limited period; *Hanson* v. *Worthington,* 12 Md. 441; *Syester* v. *Brewer,* 27 Md. 319; *Wilhelm* v. *Caylor,* 32 Md. 151; *Warburton* v. *Davis,* 123 Md. 232.

We think the plaintiffs, apart from the defects of the bill have failed to make out a case to entitle them to the relief asked by the bill.

The decree appealed from will be affirmed.

*Decree affirmed, with costs.*