# JOSEPHINE V. POLIANSKI

*vs.*

## CASMIR POLIANSKI.

### Specific Performance—Evidence—Laches.

In the case of a verbal agreement for the sale of land, the proof must be clear, definite, and satisfactory, to entitle one to relief by specific performance.      p. 602

In a suit for the specific performance of a contract for the sale of land, *held* that the plaintiff's case was weakened by plaintiff's failure for thirty years to enforce the contract, and his acquiescence in defendant's use of the property.      p. 603

*Decided June 27th, 1921.*

Appeal from the Circuit Court of Baltimore City (STANTON, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William B. Smith* and *A. T. Brady,* for the appellant.

*J. Paul Schmidt,* for the appellee.

BRISCOE, J., delivered the opinion of the court.

The bill of complaint in this case was filed in the Circuit Court of Baltimore City on the 24th of March, 1919, by one Mike Polianski, now deceased, against his brother, Casmir Polianski, for the specific performance of an alleged parol contract of sale of a lot or parcel of ground situate and located on the corner of Curtis Avenue and Cherry Street, Baltimore City, formerly a part of Anne Arundel County.

The prayer of the bill is: First—That Casmir Polianski, the defendant, be enjoined and strictly prohibited from selling and disposing of the property mentioned in the bill. Second—That the contract of sale be specifically enforced and that the defendant be decreed to convey the property in accordance with the contract. Third—That a receiver may be appointed to receive the rents and profits of the property pending this suit. Fourth—A prayer for general relief.

The bill in substance avers: First—That the defendant, who is a brother of the plaintiff, owned a lot or parcel of ground situate on the corner of Curtis Avenue and Cherry Street, Baltimore City, sometime in the year 1891, induced and persuaded the plaintiff to build a home and a place of business on this lot, under a promise that, if he did so build, he would give and convey by deed, the lot and improvements to the plaintiff. Second—That in pursuance of and in reliance upon the promise and agreement so made by the defendant to him, the plaintiff did in the year 1891 build, at his own expense, a three-story brick building, now designated as No. 801 Curtis Avenue, on the lot in question, at a cost of not less than five thousand dollars and this cost paid by the plaintiff. Third—That after the completion of the building the plaintiff, in pursuance of the agreement, entered into possession of the property as owner, paid the taxes and expenses thereon, and otherwise exercised right of ownership over the property. Fourth—That the plaintiff has repeatedly requested the defendant to carry out his contract to convey the lot and improvements, but the defendant has failed to make a conveyance to the plaintiff, and still holds the legal title to the property. Fifth—That about three years ago the defendant collected the rents from the property and applied the proceeds to the payment of a mortgage that had been placed on the property by the defendant, but since that time the defendant has been collecting the rents for that purpose, and about one month ago, to the great surprise and astonishment of the plaintiff, he was told by the defendant, for the first time, that he, the plaintiff, did not own the property and had no inter-

est in it. Sixth—That the plaintiff has been informed that the defendant is about to sell and dispose of the lot and improvements and to appropriate to his sole use and benefit the proceeds of sale, in fraud of the rights of the plaintiff, as the equitable owner of the property. Seventh—That the plaintiff does not desire the property disposed of, and if the property is sold, the plaintiff as owner thereof will suffer great and irreparable damage, loss and injury, that the defendant is of no great financial responsibility, and the plaintiff will be without legal remedy in law or equity to recover the money spent by him in the construction and building of the improvements on the property.

The defendant, in his answer, denies the material allegations of the bill, and avers that he never promised the plaintiff that he would convey the property to him, as alleged in the bill, and further avers that the plaintiff did not erect the buildings on the said lot, or pay for them, and that the lot and improvements are his own property; that he has paid all the expenses and taxes thereon, and also all the payments made on account of the interest and principal of a mortgage thereon. The answer further avers that the defendant holds the legal title to the property and that the plaintiff never contributed any money towards the purchase of the lot, or the erection of the improvements thereon, and therefore has no interest therein in law or in equity.

It appears that Mike Polianski, the original plaintiff in the bill, and the husband of Josephine V. Polianski, the substituted plaintiff and the appellant on the record now before us, died on the 9th of July, 1920, leaving a last will and testament, wherein he devised all of his property to his wife as sole devisee, and this will, dated the 23rd of April, 1920, was duly admitted to probate in the Orphans' Court of Anne Arundel County, on the 14th day of September, 1920.

By an order of the Circuit Court of Baltimore City, dated the 29th day of September, 1920, Mrs. Polianski, the wife, was made the plaintiff in the case, in place of her husband, Mike Polianski, deceased.

The case was heard upon bill, answer and testimony taken in open court, and from a decree of the Circuit Court of Baltimore City, dated the 21st day of October, 1920, dissolving an injunction, which had been previously granted, and dismissing the bill of complaint, the plaintiff has taken this appeal.

The plaintiff's case, it will be seen, rests upon an alleged oral promise or contract made by the defendant and set up in the bill, to convey a certain lot of ground to his brother, in connection with a further averment that, in reliance upon that contract or agreement, the plaintiff did build at his own expense a three-story brick building, designated as No. 801 Curtis Avenue, on said lot, at a cost of not less than five thousand dollars.

The bill, therefore, is one for the specific performance of an oral contract or agreement to convey land, and it seeks to have this contract established and enforced in a court of equity.

The testimony in the case is voluminous and absolutely contradictory and conflicting.

There were seven witnesses examined on the part of the plaintiff and about an equal number by the defendant.

The bill contains averments that are wholly unsupported by the evidence. The contract alleged in the bill and attempted to be sustained by the evidence on the part of the plaintiff is directly denied by the answer of the defendant and by the testimony on his part. The testimony of the witnesses on the part of the plaintiff, who were called to establish the alleged contract and agreement, is not clear and satisfactory, and not such testimony as is required in cases of this character.

The defendant testified that he never made a contract and never promised to convey the lot of ground to the plaintiff or to her deceased husband, and never admitted the property belonged to them. The defendant also denied that the plaintiff or her husband paid the costs of the building that was erected on the lot, but testified that he built the house himself,

and paid the bills. The defendant's testimony in this respect is supported and corroborated by the witness Czarski, who testified that the defendant paid the workmen and those that were employed by his firm. He further testified that in 1913 he negotiated a loan of $10,000 on the property in question, together with other property as security, with the knowledge of both the plaintiff and her deceased husband.

We have carefully examined the testimony set out in the record in this case and do not think that the alleged contract is established by that clear and satisfactory proof which is always required in such cases and as would warrant a decree for specific performance.

The rule of law is well established that, "in all cases for specific performance the contract must be accurately stated in the bill and the proof must in every essential particular correspond with the terms of the contract thus set up. The proof must be clear and explicit leaving no room for reasonable doubt." *Semmes* v. *Worthington*, 38 Md. 298; *Horner* v. *Woodland*, 88 Md. 512; *Ward* v. *Newbold*, 115 Md. 692; *Rickard* v. *Neff*, 130 Md. 94.

In *Mundorff* v. *Kilbourn*, 4 Md. 464, this Court, in adopting the language of the LORD CHANCELLOR in *Walpole* v. *Orford*, 3 Ves. 402, said that "all agreements to be executed in equity must be certain and defined; equal and fair; and proved as the law requires; and that "it was enough to doubt upon any one of these points to refuse relief." *Griffith* v. *Frederick County Bank*, 6 G. & J. 439; *Gelston* v. *Sigmund*, 27 Md. 343; *Polk* v. *Clark*, 92 Md. 376.

As the testimony in the case, is conflicting and contradictory, it can hardly be said there is such proof of the contract and agreement, as the law requires to entitle the plaintiff to the relief sought by his bill.

The rule of law is well settled that in cases of a verbal agreement for the sale of land, the proof must be clear, definite and satisfactory, to entitle relief by specific performance. *Spear* v. *Orendorf*, 26 Md. 44; *Rosenthal* v. *Freeburger*, 26

Md. 75; *Hardesty* v. *Richardson,* 44 Md. 617; *Ridgway* v. *Ridgway,* 69 Md. 242.

But apart from this, the plaintiff's case is weakened by the long delay of thirty years, in failing to enforce it and in acquiescing in the use of the property by the defendant.

In *Henderson* v. *Harper,* 127 Md. 429, it is said that "courts of equity do not countenance laches or long delays and refuse to interfere in favor of a party guilty of laches or unreasonable acquiescence in the assertion of stale demands, after a limited period." *Hanson* v. *Worthington,* 12 Md. 441; *Warburton* v. *Davis,* 123 Md. 232.

It follows, from what has been said, that the court below committed no error in dissolving the injunction and dismissing the bill, and the decree appealed from will be affirmed.

*Decree affirmed, with costs.*