## P. Forney Spear *vs.* Samuel Orendorf.

Contract,—specific performance of: Practice in Equity: Injunction; Landlord and Tenant.—The bill of complaint of O. alleged, that O. having been for many years the tenant of S., and being in possession of the premises under a lease from February 1st, 1864, for one year, at a rent of $1,100, towards the close of that year it was verbally agreed between them that if O. would pay the increased rent of $1,500, S. would execute him a lease for one year with the privilege of two or three, in O's discretion; that O. remained in possession after the termination of the lease of 1864, and paid the increased rent of $1,500 "as part and parcel of the agreement aforesaid, in performance and consideration thereof;" that S. having failed to execute the lease according to the agreement, O. notified him that he would enforce its specific performance, at the same time making his election to take the property for the whole three years; and that S. replied by instituting summary proceedings before a magistrate to eject O. from the premises. Whereupon O. filed a bill for the specific performance of the agreement, and for an injunction as incident thereto pending the proceedings.—Held;

1st. That if S. had executed the lease, O. would have been bound to pay the rent; on the other hand, if the tenant paid the rent "on the foot of the agreement," S. was bound to execute the lease according to the terms agreed upon.

2nd. That mutuality of a contract means an obligation on each of the parties thereto, to do or permit to be done something in consideration of the act or promise of the other. It does not imply that every stipulation is absolute and unqualified.

3rd. That the allegation of the complainant "that he paid the increased rent of $1,500 as part and parcel of the agreement aforesaid, and in performance and consideration thereof, and not otherwise," was equivalent to an averment "that the landlord accepted the additional rent upon the foot of the agreement," which has been held sufficient to require an answer.

4th. That the bill of complainant presented a case which *prima facie* entitled the complainant to an injunction until the coming in of the answer and further order.

Appeal from the Circuit Court of Baltimore city.

This is an appeal from an order of the Court below, (Alexander, J.,) granting an injunction. The allegations of the bill and the facts of the case are stated in the opinion of this Court.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough and Cochran, J.

*T. B. Horwitz* for the appellant.

1st. The bill and exhibits filed therewith do not present a case in which a Court of Equity will decree specific performance, and therefore the Court below was clearly in error in granting the injunction. "As the writ of injunction was granted as auxiliary to the principal relief sought for by the complainant, it follows that the order granting the injunction cannot be maintained, unless the case presented by the bill is of that character which would authorize a Court of Equity, in the exercise of its extraordinary jurisdiction, to enforce the contract. *Geiger vs. Green*, 4 *Gill*, 475.

The pretended agreement is so vague and so uncertain that no specific performance of it could be decreed by a Court of Equity.

The complainant has not even alleged any agreement whatever, for it is submitted that it is impossible for any Court to say, under the inconsistent allegations of the bill, what term he claims. Was the Court below called upon to give the appellee the right to occupy the premises in question "another year," or "one or two years," or "two or three years after the first year?" "If an agreement is deficient in either fairness, justice or certainty, its specific execution will not be decreed, and hence a stronger case is required on the part of the plaintiff asking a decree for the specific performance of a contract than is required by him who resists such a decree." *Tyson vs. Watts*, 1 *Md. Ch. Dec.*, 15. *Small vs. Owings*, *Ib.*, 370. *Smith vs. Crandall*, 20 *Md. Rep.*, 501. *Stoddert et al. vs. Bowie's Ex'r et al.*, 5 *Md. Rep.*, 35. *Shepherd vs. Bevin et al.*, 9 *Gill*, 43. *Allen vs. Burke*, 2 *Md. Ch. Dec.*, 538, 539.

To enforce the specific performance of a contract so vague, uncertain, equivocal and indefinite in its terms, as that set up by the appellee, would be to make a contract for the parties, which a Court of Equity has "no authority to do."

*Stoddert et al. vs. Bowie's Ex'r,* 5 *Md. Rep.,* 28. *Smith vs. Crandall,* 20 *Md. Rep.,* 500. *Myers vs. Forbes,* 24 *Md. Rep.,* 598.

2nd. This alleged agreement lacks the essential ingredient of mutuality. "The contract must be mutual, otherwise equity will not execute it, that is, both parties must have, by the agreement, a right to compel a specific performance according to the advantage which it might be supposed they were to derive from it." "And it is now established, that unless there is to be found in the contract this essential ingredient of mutuality, a Court of Equity will not compel its specific execution." *Geiger vs. Green,* 4 *Md. Rep.,* 476, 477. *Tyson vs. Watts,* 1 *Md. Ch. Dec.,* 16. *Duvall vs. Myers,* 2 *Md. Ch. Dec.,* 404, 405.

Upon examining said agreement it will be found to contain, not only the clause giving said Orendorf the privilege of occupying said premises "two or three years from the date thereof," but the unreasonable, inequitable and absurd clause requiring the appellant to repair said premises "to suit the comforts and conveniences" of said Orendorf, an agreement into which the appellant never dreamed of entering. The appellee having been notified to quit said premises at the end of the year of his tenancy, and finding that it was "desirable to him to continue in the occupancy of the said warehouse," at the same rent, rents having greatly increased during the year 1865, he determined then to exercise what he calls his "privilege of occupying the premises in question another year," or "one or two years." And it is this pretended agreement, giving the appellee the privilege of occupying said premises "another year" or "one or two years," or "two or three years, in his discretion," and of having the same "repaired to suit the comforts and conveniences" of the appellee, that he now asks a Court of Equity to decree a specific performance of.

"No rule is better established than that every agreement

to merit the interposition of a Court of Equity in its favor, must be fair, just, reasonable, *bona fide,* certain in all its parts, mutual, &c., and if any of these ingredients are wanting, Courts of Equity will not decree a specific performance." *Stoddert et al. vs. Bowie's Ex'r,* 5 *Md. Rep.,* 35. *Mundorf & Wife vs. Kilbourn et al.,* 4 *Md. Rep.,* 464. *Smith vs. Crandall,* 20 *Md. Rep.,* 500. *Geiger vs. Green,* 4 *Gill,* 475,-476, 477.

3rd. This pretended agreement presents a case clearly within the Statute of Frauds, and in order to take it out of the operation of the statute, it is incumbent on the appellee to shew, not only exactly what the contract is that is sought to be enforced, and that it possesses the "essential ingredient of mutuality," but he must also shew a clear part performance of the "identical contract" set up, and that it would be a fraud upon the part of the appellant to refuse to perform his part of the agreement, and that he took possession of the property in question under the agreement, and solely with the view to the agreement being performed. Just the contrary appears by the bill, which alleges that he "continued in possession of the premises" after his lease had expired; that he had occupied the same for several years past, and that for that reason it "was desirable to him to continue in the occupancy" of the same. *Small vs. Owings,* 1 *Md. Ch. Dec.,* 369. *Hamilton vs. Jones,* 3 *G. & J.,* 131, 132. *Mundorf & Wife vs. Kilbourn,* 4 *Md. Rep.,* 462. *Smith vs. Crandal,* 20 *Md. Rep.,* 501.

4th. Had the alleged agreement been signed by the appellant, and not by the appellee, it would even then have been an "inchoate instrument," and its execution could not have been enforced in equity. *Howard et al. vs. Carpenter,* 11 *Md. Rep.,* 276, 277.

5th. The alleged agreement being for a less term than seven years, it is not necessary to the protection of the appellee in any right that he may possess thereunder, that

the same should be in writing. *Code, Vol.* 1, *Art.* 24, *sec.* 21.

All the pretended defences of the appellee to the proceedings instituted by the appellant to obtain possession of the premises in question, could have been fully availed of at law. The Court below had therefore no jurisdiction in the premises, and least of all was there any ground for an injunction.

*S. T. Wallis* and *John H. Thomas* for the appellee.

1. The appellee insists that the bill shows a case entitling him to specific performance, and that the injunction was properly incident thereto, upon well established principles of equity. *Geiger vs. Green,* 4 *Gill,* 475. *Allen vs. Burke,* 2 *Md. Ch. Dec.,* 534. *Brennan vs. Bolton,* 2 *Drury & Warren,* 359. *Wills vs. Stradling,* 3 *Ves.,* 381–2. 1 *Sto. Eq. Jur.,* sec. 763.

2. That the case of the appellee could not be set up in defence at law, the agreement having been not a verbal lease, but a verbal agreement to execute a written lease.

The appellee will further contend, under the 2nd point: That the parol agreement set up would not have sustained at law the term claimed, the Statute of Frauds applying only in the 2nd section to leases for three years *from the date of the lease. Brown on Stat. Frauds,* 33, 34. 2 *Platt on Leases,* 4. 2 *Washb. on Real Property,* 391.

3. That the lease tendered by Spear, shows that the appellee was entitled to a two years' lease, at least, under the agreement, which covers the case.

Bowie, C. J., delivered the opinion of this Court.

The appellant having instituted summary proceedings against the appellee, to remove him from premises which he claimed to hold under a parol contract for a lease, the latter filed his bill for specific performance, and as auxiliary

thereto, prayed for an injunction, from the order granting which this appeal is taken.

The bill alleges that the appellee, being in possession from the 1st of February, 1864, to 1st of February, 1865, under a previous letting at a reduced rent, it was (towards the close of the term) agreed, between the appellant and appellee, that if the latter would pay the former the increased rent of $1,500 per annum, the appellant, Spear, would execute to the appellee, Orendorf, a lease of the premises for the term of one year, with the privilege of extending the same two or three years, etc.; that confiding in this agreement, the tenant did not attempt to cause the lease to be reduced to writing for some short time after the period at which the tenancy was to begin, to wit, the 1st of February, 1865, but continued in possession of the premises in the faith that the said Spear would execute the lease at any time when tendered to him, as he had engaged and promised to do ; that some time after he was surprised at receiving from Spear for his, the tenant's execution, the paper filed, marked S. O., No. 3, which provided for a lease for one year, with the privilege of two years, and not the privilege of two or three years, etc.; and that the tenant paid the rent of $1,500 for the year 1865, notwithstanding which, he has received notice to quit on the 1st of February, 1866, and proceedings at law have been instituted to remove him, which he prays may be enjoined.

The complainant charges he is entitled to a written lease from Spear, for his protection and defence, and for the purpose of giving to him a term of three years in the property from the 1st of February, 1865 ; and if he is not entitled to a term of three years, as he insists he is, he is entitled to a lease for one year from the date aforesaid, with the privilege of a second year, &c.

He avers, that he paid the rent of $1,500 for the last year, as part and parcel of the agreement, and in performance and consideration thereof, and not otherwise, and that he hath further carried out the agreement in all particulars, and has remained in and occupied and kept the said premises in such performance and on such consideration only. Wherefore he prays specific performance of the agreement on the part of the said Spear.

The injunction being ancillary to the relief prayed, if the case made by the bill is such that a Court of Equity would not, on final hearing, grant the principal relief upon full proof of the allegations, the injunction should be dissolved. *Geiger vs. Green*, 4 *Gill*, 475.

It is objected on the part of the appellant, that the contract as charged is uncertain, unreasonable and wanting in mutuality, and therefore should not be performed. The bill professes to set out by specific allegations, and by reference to exhibit No. 2, "the true terms of the agreement and stipulations contracted for" between the complainant and defendant. If such an agreement had been reduced to writing and executed, there can be no doubt it would be sufficiently certain for all purposes. The option of extending the term two or three years, was a privilege to be exercised by the tenant during the term, not to be fixed by him as a part of the lease. Such privileges are not uncommon, and though dependent on the will of one of the parties, they do not impair the mutuality of the contract.

Mutuality of a contract means an obligation on each to do or permit to be done, something in consideration of the act or promise of the other. It does not imply that every stipulation is absolute and unqualified. The landlord, according to the theory of this bill, in consideration of the agreement of the tenant to pay the additional rent of

$1,500, agreed to give him a lease for one year, with a privilege of extending the term to two or three years, etc.

If the landlord had executed the lease, the tenant would have been bound to pay the rent; on the other hand, if the tenant paid the rent "on the foot of the agreement," the landlord was bound to execute the lease according to the terms.

In *Geiger vs. Green* there was no contract; the paper executed by Mrs. Owings was a mere license, without any consideration paid or promised to be paid by Green, "a privilege to be exercised or not, at his pleasure, and imposing no corresponding obligations."

"It is abundantly settled, that if one who is already in possession of land as tenant, verbally contracts with the owner for a new term, his merely continuing in possession after the making of the alleged contract, is not an act of part performance within the meaning of the rule so as to justify a decree for a lease according to the contract. In such a case, the continued holding is naturally and properly referable to the old tenancy, and does not necessarily imply any new agreement between the parties." *Browne on the Statute of Frauds, sec.* 477, *ch.* 19. * * * * * "The mere taking or holding of possession is of itself nothing. The question is, *quo animo* it is taken or held, and this is not allowed to be answered by parol proof of the agreement between the parties. In cases where a tenant continues in possession under an alleged agreement for a new tenancy, it is answered by proof of any act on his own part done with the privity of the owner of the fee, which is inconsistent with the previous holding, and is such as clearly indicates a change in the relation of the parties." *Ibid, sec.* 478.

"The payment of the additional rent is of itself an equivocal circumstance, where a claim is set up of a positive agreement for a new lease, inasmuch as it may be

attributed to a mere holding from year to year after the expiration of the old lease, or there may be other inducements to its payment. But where the bill to enforce such an agreement alleged that the landlord had accepted the additional rent "upon the foot of the agreement," Lord LOUGHBOROUGH would not allow a plea of the Statute, but required the landlord to answer to the allegation." *Wills vs. Stradling,* 3 *Ves.,* 378. *Browne on Frauds, sec.* 479. *Lester vs. Foxcroft,* 1 *White's Equity Cases, (note)* 515, *in mar.*

The contract alleged being sufficiently certain, reasonable and mutual, the only remaining question is, whether there is such an allegation of part performance as will take the case out of the Statute of Frauds.

A majority of this Court think the allegation of the complainant, "that he paid the rent of $1,500 for the last year as part and parcel of the agreement aforesaid, and in performance and consideration thereof and not otherwise," equivalent to an averment, "that the landlord accepted the additional rent upon the foot of the agreement," which was held sufficient in 3 *Ves.,* 378, to require an answer.

The complainant has therefore presented a case, which *"prima facie"* entitles him to an injunction until the coming in of the answer and further order.

The order of the Court below of the 8th of February, 1866, is affirmed, and cause remanded for further proceedings with costs to the appellee.

> *Order affirmed and cause remanded with*
>
> *costs to the appellee.*