# THE MAYOR AND CITY COUNCIL OF HAVRE DE GRACE

## *vs.*

## A. NELSON LEWIS.

*Taxes: reassessment; increase; failure to give notice or grant appeal. Injunction: failure to file ordinance referred to; when not a fatal defect.*

Notice and an opportunity to be heard are essential to the validity of every assessment, for the purposes of taxation. p. 372

Upon application being made for an injunction, if the plaintiff has in his possession papers or instruments in writing, upon which his equity rests, they should be filed with the bill.   p. 371

Where the right to relief by way of an injunction, under the facts alleged in a bill and admitted by a demurrer to be true, is not based solely upon a municipal ordinance, the mere failure to file a copy of such ordinance with the bill does not render it defective.   p. 371

*Decided January 11th, 1916.*

Appeal from the Circuit Court for Harford County. (In Equity.)   (HARLAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Thomas H. Robinson* (with whom was *Frederick L. Coburn,* on the brief), for the appellant.

*J. J. Archer,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Harford County, in Equity, overruling the defendant's demurrer to a bill in equity, for an injunction to restrain the sale of the plaintiff's property for taxes claimed to be in arrears, and alleged to be due the defendant, the City of Havre de Grace for the year 1914, and requiring the defendant to answer the bill.

The appellee, the plaintiff below, is a resident of the City of Philadelphia, Pa., and is the owner of a valuable tract of land, in the suburbs of Havre de Grace, and within its limits, containing three hundred and seventy acres of land more or less, improved by farm dwelling houses and outbuildings. The property for the year 1913, was rented, and the tenant or tenants resided in the City of Havre de Grace, Harford County, Md. It was assessed prior to the assessment, here in dispute, at the sum of $18,750, but was subsequently assessed at the sum of $40,950.00.

By section 24 of Chapter 440 of the Acts of 1878, incorporating the town of Havre de Grace, in Harford County, it was provided:

"That the Mayor and City Council shall once in every seven years, or oftener, if they think proper, appoint two assessors, who shall value and assess the property in said corporation in the same manner and with like authority as county assessors, but in assessing any of the lands within the limits of the city which may be occupied and used as farms, or may be part or parts of farms, such land shall be valued and assessed as lots of ten acres, with the building and improvements thereon, and not by the number of acres in said farm or parts of farms," etc.

And by section 25 of the same Act, it was further provided that:

"Any person may appeal from the assessment of the assessors to the said Mayor and City Council, who may make such deductions therefrom as they may deem just and they may add thereto the value of any prop-

o

erty which may have been omitted in the assessment, and all buildings and improvements and all property acquired or created since said assessment, and the said corporation shall have power to make transfers of such property as may have changed owners since said assessment."

The bill charges that by virtue of the power and authority conferred by the Charter, the Mayor and City Council of Havre de Grace in the year 1913, appointed two assessors to value and assess all property within the city limits for city taxes, for city purposes, and provided by ordinance, that the assessors before proceeding to assess any of the property, should furnish each person owning property liable to be assessed, blank schedules for the purpose of making out and returning to the assessors a list of all property belonging to them subject to taxation, with their estimates of the value thereof. The ordinance further provided that the assessors should thereafter proceed to properly assess the property, and whenever their assessment should be in excess of the value placed upon it by the owner in his schedule they shall notify the owner, who shall have a right to appeal from the decision of the assessors, to the City Council within thirty days from said notice.

The bill also charges, that the blank schedule was received from the assessors and before the assessment was made, the plaintiff made a return, with his estimate of the value thereof at the sum of $18,750, the same being the prior assessment of the property, which was duly received and accepted by the assessors, and filed at their office, but that afterwards on the day of January, in the year, 1914, the assessors valued and assessed the property, at the grossly excessive sum of $40,950.00. That this assessment was far in excess of the value placed thereon, in the return made by him. That the assessors failed to notify him of the increase of assessment, and in consequence thereof he was deprived of an appeal to the City Council, and that he had no notice thereof until the fall of 1914, when he received a tax-bill for that year.

By the seventh paragraph of the bill it is charged, that the sum of $18,750, fixed by him in the schedule returned by him was a fair and reasonable valuation of the property, and he was lead to believe, in a conversation he had with them in regard to the value of the property, at a meeting prior to the return, that it would be accepted and assessed by them, at the sum returned by him.

By the eighth paragraph, it is charged, that after he ascertained the excessive assessment, he claimed the right of appeal given by the statute and requested a hearing before the City Council, but was refused.

The bill then charges that the assessment for $40,950, placed upon the property for the reasons stated in the bill, was unequal, excessive, fraudulent and void, and that this valuation was placed on it by the assessors knowingly and intentionally, for the purpose of injuring and defrauding him, and for the purpose of forcing him to sell and dispose of the property.

The bill also avers that the plaintiff on the 27th of March, 1915, tendered the appellee the sum of $184.27 in payment of his taxes for the year 1914, calculated upon the former and prior valuation and assessment and at the proper rate, with interest and costs, but was refused, and the defendant has advertised a portion of the property for sale, to pay the taxes levied on the increased assessment.

The prayer of the bill is for an injunction to restrain the sale, as advertised, and for general relief.

It appears that an injunction, in usual form, was granted, with leave to answer, but the defendant demurred to the bill, and contends, in support of the demurrer, first, that the bill is fatally defective, in failing to file a copy of the ordinance passed by the Mayor and City Council of Havre de Grace, with the bill of complaint. Second, that the plaintiff has not stated in his bill, a case that entitles him to relief in equity against this defendant and third, that this Court has no jurisdiction to hear and determine the question of the regularity of the assessment of property in the City of Havre de Grace,

made under the provisions of Chapter 440 of the Acts of 1878.

The objection that the bill was defective because a copy of the ordinance was not filed as a necessary exhibit therewith, is without force. The right to relief by way of injunction under the facts alleged in the bill and admitted by the demurrer to be true was not based solely upon the ordinance, and there was no necessity for its production to establish the plaintiff's case.

The rule is well settled in proceedings of this kind, that where the plaintiff has in his possession papers or instruments of writing on which his equity rests, they ought to be filed. *Gottschalk* v. *Stein,* 69 Md. 58; *Washington Co. Water Co.* v. *Hagerstown,* 116 Md. 497.

But where such a necessity is not present the production of exhibits is not required. *L. C. Smith Co.* v. *Riddlemoser,* 126 Md. 191; *Balto.* v. *Keyser,* 72 Md. 106; *Webb* v. *Ridgely,* 38 Md. 369; *Didier* v. *Merryman,* 114 Md. 438.

The claim of the appellee for relief in this case is based upon two distinct grounds, first, that the increased assessment of his property was made without notice and is illegal and void; second, because the right of appeal to the Mayor and City Council from the valuation of the assessors, and a hearing thereon, was denied and refused.

Upon a state of facts, such as are alleged by the bill in this case and admitted by the demurrer to be true, we think, the lower Court was entirely right in overruling the demurrer and requiring the defendant to answer the bill.

In *Gittings* v. *Baltimore City,* 95 Md. 425, it is said: If, therefore, the prescribed notice of such purpose was not in fact given, such alterations and increase was illegal, and if the failure to give such notice had been alleged in the bill, it can not be questioned, that the injunction should have been granted.

The rule is well settled that notice and an opportunity to be heard are essential to the validity of every assessment. *Allegany Co.* v. *Union Mining Co.,* 61 Md. 545; *Balto. Co.*

v. *Winand,* 77 Md. 522; *Monticello Distilling Co.* v. *Balto. City,* 90 Md. 416.

In this case, it is alleged by the bill that the return of the property, at the valuation of $18,750, by the owner, in the latter part of 1913, was accepted by the assessors as a fair and reasonable valuation and assessment of the property, but afterwards, in January, 1914, without any notice to him, they increased the assessment to $40,950.00, and that this assessment was unequal, excessive, fraudulent and illegal.

But, apart from this, it is alleged, that by the eighth paragraph of the bill that, after the owner ascertained the excessive assessment which had been placed upon his property by the assessors, he claimed the right of appeal and asked for a hearing before the City Council, but was refused.

It would be contrary to reason and the first principles of justice to assess property for taxation without notice to the owner and an opportunity for a hearing.

If the right of appeal, as given by the charter, was denied and refused him, as alleged by the bill, the plaintiff was clearly entitled to redress, in a Court of Equity, and the injunction was properly granted. As was said, in *County Commissioners* v. *Union Mining Co.,* 61 Md. 545, to say that the property of the citizen may be assessed to any value, however exorbitant, for purposes of taxation, without notice to him, or an opportunity to be heard, would be anomalous in our system of laws, and at the same time revolting to all sense of right and justice.

We think, as was said by JUDGE STONE, in *County Commissioners* v. *Union Mining Company, supra,* it is unfortunate in this case that an answer was not filed and proof taken, so that the actual facts might have been shown, instead of resting the case on a demurrer to the bill.

For the reasons stated, we are of opinion that the bill states a case that entitled the plaintiff to relief, and the Court was right in overruling the demurrer and requiring the defendant to answer the bill.

*Order affirmed, cause remanded, with costs.*