JAMES F. HALL *v.* TRUSTEES OF SHARP STREET
STATION OF METHODIST EPISCOPAL
CHURCH. ·

[No. 4, April Term, 1928.]

*Decided June 20th, 1928.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Warner T. McGuinn,* with whom was *J. Howard Payne* on the brief, for the appellant.

*W. Ashbie Hawkins,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The chancellor sustained the demurrer to a bill of complaint filed by James F. Hall against the Trustees of Sharp Street Station of the Methodist Episcopal Church of Baltimore City, a body corporate. The facts admitted by the demurrer are that the plaintiff for a long time leased of the defendant a one-story frame building located upon a part of the ground which the defendant used for a cemetery. On these premises the plaintiff carried on his business of making and selling tombstones and other things customarily used in graveyards. The building was destroyed by fire, on February 11th, 1921, and the plaintiff tried to buy of the defendant a part of the parcel in order to build and continue his business, but the defendant refused to sell, and offered to lease to the plaintiff for a period of ten years a part of the cemetery, about twenty feet by forty feet, upon which the plaintiff was to erect a building of fireproof material for his business, to pay the sum of one dollar, and to keep the memorials and other stones on the lots in the cemetery in an erect and proper position at no expense to the defendant, and to furnish, at plaintiff's cost, the foundations for gravestones and memorials whenever it became necessary to set up, re-

pair, or renew the same, and to supply a horse for such work as the cemetery needed. The defendant submitted this proposal to the plaintiff on or about March 6th, 1921, and on the same day the plaintiff accepted it, but no paper writing of any description passed between them or was executed, but it is alleged that the substance of the agreement was recorded in the minute book of the defendant on or about March 7th, 1921.

In pursuance of this agreement, the plaintiff built, on or about March 28th, 1921, on the aforesaid parcel of land, a fireproof hollow tile building, whose dimensions are seventeen feet by thirty-two feet, at a cost to the plaintiff of about $1,900. This was done with the knowledge of the defendant, as was, also, his subsequent continuous occupancy of the premises for the purposes of his business until the filing of the pending bill of complaint, a period of over six years, during which he has done, at no expense to the defendant, all the things which he undertook, and which furnished, in part, the consideration for the renting.

However, on May 2nd, 1927, at its corporate meeting, the defendant presented to the plaintiff for execution an agreement in writing whereby the defendant was to lease the premises then occupied by the plaintiff as his marble yard for the space of two years from March 1st, 1927, at a monthly rental of thirty-five dollars accounting from that date and the performance of many of the things agreed in the alleged original renting. It is unnecessary to set out the details of the proposed lease, which the plaintiff declined to sign, as it was materially different from that of March, 1921, under which the plaintiff asserted a right of possession. In rejecting the lease proposed, the plaintiff called the defendant's attention to the fact that the substance of the agreement under which he was holding had been recorded among its minutes; and that he had fully performed all his obligations thereunder. He requested the record be read; but the defendant refused.

The bill of complaint then sets forth that, notwithstanding the facts alleged and that the term of ten years had not

expired, the defendant began an action about May 16th, 1927, in the People's Court of Baltimore City, to eject the plaintiff from the premises and to recover rent alleged to be due in the sum of one hundred and five dollars; and recovered on May 18th, 1927, a judgment for the amount named, with interest and costs, and for the restitution of possession of the premises. On June 6th, 1927, the defendant began a similar proceeding in the same court, and on June 8th the defendant obtained a judgment for the sum of thirty-five dollars, the monthly rent claimed to be due, with interest and costs, and for the restitution of possession of the premises. In both of these cases the tenant appealed and gave appeal bonds, and the cases were still pending for trial in the Baltimore City Court when the bill of complaint was filed in the suit at bar.

The complaint is further made that the plaintiff is without remedy at law, and that the loss of the unexpired term of the alleged lease for ten years would, in view of his business being established on its present location and his expenditure of over nineteen hundred dollars in making the improvements, be a great loss and injury to the plaintiff. The bill prays that the oral contract be specifically enforced, and that the defendant be enjoined and restrained from the prosecution of the actions now pending on appeal in the Baltimore City Court, and of any other actions of ejectment or other proceedings, so long as the term of said parol agreement and the compliance by the said plaintiff with the stipulations thereof; and that the plaintiff may have general relief.

In sustaining the demurrer and dismissing the bill of complaint there was error. The first objection to the bill of complaint was that it was not accompanied by the filing of the necessary exhibits. The equity of the plaintiff does not depend upon a paper writing, but upon an alleged oral lease between the parties that was never reduced to writing. It follows that the plaintiff was not within the general rule that a bill of complaint for an injunction should be accompanied by the papers or instruments of writing showing the character and extent of the complainant's interest in the suit, if these

instruments be in the possession of the plaintiff or accessible to him. Section 157 of article 16 of Code. While the plaintiff asserts that the substance of the oral renting was recorded in the minute book of the defendant contemporaneously with the making of the agreement, yet this record was an *ex parte* minute made by, and in the possession and under the control of, the defendant, and therefore, even if it be assumed that the plaintiff's interest in the proceedings depended in any way upon this minute, its nonproduction was satisfactorily explained. The rule does not require the plaintiff to produce documents or records shown to be in the possession of the defendant. *Miller's Equity,* secs. 582, 583; *Haight v. Burr,* 19 Md. 130, 135; *Havre de Grace v. Lewis,* 127 Md. 367, 371; *Washington County Water Co. v. Hagerstown,* 116 Md. 497, 510.

2. As the alleged contract between the plaintiff and defendant to create a leasehold interest for a term of ten years was not by deed executed, acknowledged, and recorded as prescribed by law, no estate passed. Section 1 of article 21 of Code. *Falck v. Barlow,* 110 Md. 161; *Dyson v. Simmons,* 48 Md. 214; *Anderson v. Critcher,* 11 G. & J. 455; *Thompson v. Thomas & Thompson,* 132 Md. 485; *Sweeney v. Hagerstown Trust Co.,* 144 Md. 612, 620. But the averments of the bill of complaint establish a clear and definite oral contract of the defendant to lease a particular lot of land to the plaintiff for a term of ten years; and the plaintiff's entry upon that land with the consent of the lessor, and his construction, during the first month of the tenancy and in compliance with the stipulation of the contract, of a building at a cost to him of about $1,900; and his continuous occupancy and use of the premises for a period of six years before the bringing of the suit; and the full payment and yielding by the plaintiff to the defendant of the rent and services, which were accepted by the defendant when and as rendered. These acts were open, definite, and manifest. They were done while in possession and solely pursuant to and in the performance of the particular agreement. The erection of the fireproof building was a valuable permanent improve-

ment to the land and an act of a substantial nature, considering the subject matter, and one that could be referable only to the new oral agreement to lease. If a court of equity were to suffer the defendant to refuse to execute the agreement to lease, it would permit the defendant to perpetrate against the plaintiff an injury amounting to a fraud. So, on the facts of this record, relief is by way of specific performance. *Pomeroy's Specific Performance,* secs. 124, 126, *et. seq.; Spear v. Orndorff,* 26 Md. 37; *Reese v. Reese,* 41 Md. 554; *Read Drug & Chem. Co. v. Nattans,* 129 Md. 67, 72; *King v. Kiser,* 126 Md. 219.

3. The actions begun by the defendant to obtain restitution of the premises are pending on appeal in the Baltimore City Court, but they afford the plaintiff no plain, adequate, and complete remedy, since it is only in equity that the specific performance of an oral agreement within the statute of frauds can be enforced because of a part performance taking the case out of the statute. Accordingly, the bill at bar for specific performance, with its prayer for the ancillary relief of a temporary and permanent injunction against the pending and further proceedings at law, was not demurrable, as was determined in *Spear v. Orndorff,* 26 Md. 37. It follows that the chancellor was in error in sustaining the demurrer and dismissing the bill.

> *Decree reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.*