BAGLEY ET AL. *v.* CLARK ET AL.

[No. 117, October Term, 1947]

*Decided March 19, 1948.*

The cause was argued before MARBURY, C. J., DELA-, PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Charles C. Lyons* for the appellants.

*J. Nicholas Shriver, Jr.,* with whom were *Cross & Shriver* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from a decree of specific performance requiring the appellants to convey to the appellees the premises 8527 Pleasant Plains Road, Towson, subject to an annual ground rent of $78, pursuant to an option contained in a lease from Better Housing, Inc., to the appellees, dated February 12, 1944.

The lease was for one year at a total rental of $570, payable in equal monthly installments. It contained a clause providing: "It is further agreed that said tenants * * * have the option of purchasing this dwelling at a price of $4700 subject to an annual ground rent of $78.00 any time during the life of this lease after February 12, 1944. Terms of such sale to be submitted in the form of Contract of Sale and subject to approval of F. H. A." The ground rent referred to had been duly created before the lease was executed. The appellees held over at the end of the term, February 11, 1945. In December, 1945, the lessor assigned the leasehold title to the appellants, who continued to accept rentals from the appellees at the rate fixed by the lease, and made no inquiry as to their rights under the lease. On November 14, 1946, the appellees gave notice of their desire to exercise the option, to execute a contract of sale, and "to make payment in full of the balance of the purchase price at such date and place as may be mutually agreeable".

The lease in question is identical with the one before this Court on demurrer in the recent case of *Gressitt v. Anderson*, 187 Md. 586, 51 A. 2d 159. We held that the tenants in that case, holding over with the tacit consent of the landlord, became tenants from year to year, and that the option to purchase during the term of the original lease carried over into the subsequent tenancy. We further held that the offer to pay cash made the time of settlement certain and eliminated any question of credit in the terms of the sale. Upon the question as to uncertainty due to the requirement of F.H.A. approval, we said: "We are unable to determine from

the words of the option what is meant by requiring the approval of the F. H. A. to the option. It may be that these houses were held subject to some restrictions of the Federal Housing Administration and are still subject to these limitations. * * * There are also possible questions involved as to the termination of the authority of the Federal Housing Administration * * *. All of these present matters which should be inquired into by the chancellor before the passage of a final decree in this case."

In the case at bar it was shown that the house in question was one of a group built by Better Housing, Inc., as a part of a War Housing project, under priority regulations which required that they be made available only to "in-migrant" war workers, approved by the F. H. A. Under these regulations, it was contemplated that purchases made by tenants exercising the standard option to purchase would be financed by F. H. A. However, as of October 15, 1945, all of the regulations and restrictions, except certain matters of rent control not here relevant, were abrogated and repealed. Shortly after that date, Better Housing, Inc., was dissolved, and the houses owned by it were distributed to stockholders. We concur in the finding of the chancellor that "the language in the option agreement 'subject to approval of F. H. A.' is shown by the documentary evidence to have been rendered ineffective before the plaintiffs exercised their option to buy, and such language may be accordingly disregarded in determining the enforcibility of this contract."

The appellants contend that the appellees are estopped from exercising the option, or waived their right to exercise it, because of certain statements made by them prior to their notice of their desire to exercise the option. We find no merit in these contentions. On December 26, 1945, an O. P. A. "certificate relating to eviction" was mailed to the appellees, authorizing the appellants to commence an action to evict or remove the tenants after the expiration of six months from that date. It is not

contended that this was a sufficient notice to terminate the tenancy from year to year so as to prevent renewal on February 12, 1946. Indeed, it was not a notice to terminate in any sense. The certificate stated: "This form *does not* order you to move. The issuance of this certificate does not affect your rights at local law under your present rental agreement."

Mr. Bagley testified that the appellees repeatedly told him, after receipt of the certificate, that they would move out and give him possession as soon as they could find another place to live. The statements, at most, were qualified declarations of intention. There is no showing that the appellants changed their position in reliance upon such statements. Compare *Rodgers v. John,* 131 Md. 455, 462, 102 A. 549.

*Decree affirmed, with costs.*