HYATT ET UX. *v.* ROMERO ET UX.

[No. 158, October Term, 1947.]

502

*Decided May 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ. and BAILEY, Circuit Judge, specially assigned.

*Samuel Schenker* and *Noah A. Hillman* for the appellants.

*George B. Woelfel* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is a suit for specific performance brought in the Circuit Court for Anne Arundel County by Fred Romero and wife to compel Sam Hyatt and wife to convey to them the real estate at 77 and 79 Main Street in the city of Annapolis.

Complainants allege that by written agreement executed on January 21, 1946, defendants leased the property to them for the term of six years from February 1,

1946, to January 31, 1952, for rent of $95 per month; that the lease provides that at any time during its continuance they shall have the option to purchase the property for $9,000; that they entered the premises and have rightful possession thereof under the lease; and that they now desire to exercise the option and are ready and willing to pay to defendants the sum of $9,000 and accept a deed for the property, but defendants have refused to convey the title.

Defendants demurred to the bill on the ground that the lease was not acknowledged and recorded as required by the Maryland Conveyancing Act. The chancellor overruled the demurrer, and defendants appealed here from that order.

The lease, a copy of which was filed as an exhibit with the bill of complaint, contains a provision that the lessees shall have the right to renew the lease for an additional period of six years, provided that they shall give to the lessors at least 30 days notice in writing prior to the expiration of the lease of their intention to renew the same. The Conveyancing Act provides that no estate of inheritance or freehold, or any declaration or limitation of use, or any estate above seven years, shall pass or take effect unless the deed conveying the same shall be executed, acknowledged and recorded as provided in the Act. Code 1939, art. 21, sec. 1. We have held that a lease for more than seven years, if not recorded in accordance with the Conveyancing Act, can pass no legal interest or estate in the land. *Howard v. Carpenter,* 11 Md. 259, 275; *Polk v. Reynolds,* 31 Md. 106, 112; *Cook v. Boehl,* 188 Md. 581, 591, 53 A. 2d 555, 560.

We also hold that where a lease of land gives an option for a renewal of the term and a new lease must be executed to entitle the tenant to remain in possession of the land, the term in the original lease is not combined with the term in the new lease. On the contrary, the terms are combined where no new lease was intended to entitle the tenant to remain under the original lease. The question whether the right of a lessee to renew the

lease for an additional term requires the execution of a new lease depends upon the intention of the parties to be gathered from the language of the lease, the purpose to be accomplished and the surrounding circumstances. at the time of its execution. In the absence of an express provision that a new lease is required for the additional term, the law presumes that no new lease was intended. The reason for the presumption is that the preparation of a new lease would cause touble and expense, which should be avoided, if possible, unless it clearly appears that the parties had expressly agreed that a new lease should be executed. *Schultz v. Kaplan,* 189 Md. 402, 414-415, 56 A. 2d 17, 23. On this appeal complainants abandoned their contention that the parties intended that a new lease should be executed for the additional term. We accordingly hold that the unrecorded lease for the term of six years with the right of the lessees to renew for an additional term of six years does not pass any legal interest or estate in the property.

Nevertheless, the bill of complaint alleges: (1) That complainants and defendants executed an agreement by which defendants agreed to lease the property to complainants for six years; (2) that complainants entered the property February 1, 1946, with the consent of defendants, and have continuously occupied it from that time until the institution of suit; and (3) that complainants have paid the rent stipulated in the agreement, and defendants have accepted the rent. It is well established that, although a written lease is invalid for noncompliance with the Conveyancing Act, yet the law implies a tenancy from the lessee's occupancy of the premises and his payment of the stipulated rent and the acceptance of the rent by the lessor. We hold that where a lease for a term of more than seven years has been executed but not recorded, and the lessee enters into possession of the premises and pays yearly rent, which is accepted by the lessor, the lessee is considered as tenant from year to year upon all the terms of the lease except as to duration. *Falck v. Barlow,* 110 Md. 159, 163, 72

A. 678, 17 Ann. Cas. 538; *Cook v. Boehl,* 188 Md. 581, 591, 53 A. 2d 555, 560. Compare *Schaeffer v. Bilger,* 186 Md. 1, 45 A. 2d 775, 163 A. L. R. 706; *Gressitt v. Anderson,* 187 Md. 586, 51 A. 2d 159. If such an agreement is adequate in other respects, it constitutes a perfectly valid agreement to enter into a lease in accordance with the terms set forth. Such an instrument is admissible in evidence to show the terms of the tenancy implied by law. *Thompson v. Thomas & Thompson Co.,* 132 Md. 483, 485, 104 A. 49.

Thus, in *Hall v. Trustees of Sharp Street Station of M. E. Church,* 155 Md. 654, 142 A. 508, where the bill of complaint alleged a definite oral agreement by the defendant to lease property to the complainant for ten years, the complainant's entry into possession of the property, his occupancy of it for six years, his erection of a building thereon, and his payment of the stipulated rent and the defendant's acceptance of it, this Court held that the complainant had the right to specific performance, for otherwise the defendant would perpetrate a fraud upon the complainant. It is a well established principle that courts of equity will not permit the forms of law to be made the instruments of injustice, but will interpose against parties attempting to avail themselves of the rigid rules of law for unfair purposes. 2 *Story, Equity Jurisprudence,* 14th Ed., sec. 1032.

In the instant case, complainants have the right to specific enforcement of the contract which arose upon their exercise of the option to purchase the property during the existence of the lease. The term "option" is used to include both (1) unsealed offers without consideration, and (2) binding conditional contracts. In either case, however, when the offer is seasonably accepted a new contract arises. It is not the promise to give an option which is specifically enforced; it is the bilateral contract which arises upon acceptance of the option. If an option is given for a valuable consideration, the party exercising the option may enforce it, and it is not necessary that the consideration shall have been given exclu-

sively for the option. It is sufficient if it is one of the provisions of a contract for which consideration was given. *Trotter v. Lewis*, 185 Md. 528, 45 A. 2d 329; 5 *Williston on Contracts*, Rev. Ed., sec. 1441.

We will therefore affirm the chancellor's order overruling the demurrer to the bill of complaint, and remand the cause for further proceedings.

*Order affirmed and cause remanded, with costs.*