CANARY *v*. WAGNER ET AL.
[No. 10, October Term, 1948.]

*Decided November 11, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*T. Lyde Mason, Jr.,* with whom was *Jere J. Santry* on the brief, for the appellant.

*Cornelius V. Roe* for the appellee, William H. Mummert.

*John Grason Turnbull* for the appellees, Wagner and Goehler.

*John W. Farrell* for the appellee, M. Eleanor Farrell.

MARBURY, C. J., delivered the opinion of the Court.

On March 1, 1927, Henry W. Wagner, one of the appellees, leased to Bertha M. Trees shore lot No. 7, Back River in Rossville, Baltimore County, with the improvements, for a term of four and one half years, beginning March 1, 1927 and ending on August 31, 1931 for the yearly rent of one hundred and fifty dollars. The written lease provided that it "with all its provisions and covenants shall continue in force from year to year after the expiration of the term above mentioned" with a proviso that

either party could terminate at the end of the four and one half year term or of any term thereafter by giving thirty days notice in writing. Both lessor and lessee signed and sealed the instrument, but it was neither acknowledged nor recorded.

The lessee covenanted that she would not assign without the consent of the lessor in writing. She did assign, without such consent, on July 9, 1928, to Fred W. Canary and Mamie Canary, who was his wife. It is alleged in the bill of complaint that Fred Canary died March 5, 1942, and Mamie Canary, the appellant, has continued in possession until the present time.

On June 5, 1932, Henry W. Wagner had the property conveyed to his daughter, Mildred Wagner (now Goehler), and on February 11, 1947, Mildred Goehler conveyed it to M. Eleanor Farrell. On August 15, 1947, M. Eleanor Farrell conveyed to William H. Mummert, who gave to M. Eleanor Farrell a purchase money mortgage for over $2450. Wagner, Goehler, Farrell and Mummert were all made parties defendant to this case, and are the appellees here.

The bill of complaint was filed in the Circuit Court for Baltimore County by Mrs. Canary, the appellant, to enforce a paragraph in the lease which reads "It Is Further Agreed, That the said Party of the second part shall have the right to redeem the entire shore property at 6% or ($2500.00) at the expiration of the above four and a half years term mentioned". The defendants all demurred, the Chancellor sustained the demurrers without leave to amend and dismissed the bill of complaint. The complainant appeals.

The appellees contend that as the lease was assigned without the written consent of Wagner, the assignment was void. The lease itself, however, states that upon the breach of any of the covenants (of which that not to assign was one) the tenancy shall be determined at once without notice and the landlord shall be entitled to immediate possession "provided he shall so elect, *but not otherwise*" (italics supplied). The landlord did not so

elect, and he and his successors have permitted the appellant-assignee to remain in possession for twenty years, accepting her as tenant under the terms of the lease and permitting her to make many improvements to the property. It is too late now to raise this point. The owners have waived their rights, and are now estopped from reviving them.

The appellees also contend that since the lease was for four and a half years with an automatic extension from year to year, it was a lease for more than seven years, and therefore did not take effect under Article 21, Section 1 of the Code of Public General Laws, since it was neither acknowledged nor recorded. The consequence would be that the lessee and her assignee, the appellant, held as tenants from year to year under the applicable terms of the lease. *Gostin v. Needle,* 185 Md. 634, 45 A. 2d 772, 163 A. L. R. 1013; *Hyatt v. Romero,* 190 Md. 500, 58 A. 2d 899; *Darling Shops, etc., v. Baltimore Center Corp.,* 191 Md. 289, 60 A. 2d 669. But the lease is terminable at the will of either party on thirty days notice, either at the end of the four and one half year term or at the end of any succeeding term. Such a lease does not create an estate for more than seven years under the statute or under any of our decisions construing it.

In the case of *Schaeffer v. Bilger,* 186 Md. 1, 45 A. 2d 775, 779, 163 A. L. R. 706, we laid down the rule that an option to purchase "will go along with the term unless some contrary intention clearly appears". If, therefore, the option to redeem in this case does not indicate a contrary intention, it would be applicable to the tenancy from year to year. The decision of this case, therefore, depends on what the parties intended when the option was given.

The ordinary and usual provision in a lease, where it is intended to give lessee a right to purchase, is that such right can be exercised at any time during the term. The provision in this lease differs in that the right was not to be exercised until the expiration of the term. This might not be significant if the succeeding terms were

of the same duration, but they were not. The first term was for four and a half years, and the succeeding terms were for a year each. The right to redeem or to purchase is specifically fixed as at the end of the four and a half year term. That term expired on August 31, 1931, so that the right to redeem first attached as of that date. The question is whether the parties intended the redemption to take place at that time, or did they mean at any time *after* that time. They could have agreed either way, but what we have to determine is what did they mean by what they said. Reason can be found for not permitting a redemption before four and one half years but an indefinite right of redemption would seem to be without any sufficient reason supporting it. We are not required, however, to find a reason, or lack of reason, for the instrument executed by the parties is definite. It is definite in that it stated when the lessee should have the right to redeem. That time is fixed in the lease, and, since it is fixed, we conclude the parties meant that time and not any extension of it.

We therefore conclude that in this lease the intention appears to be that the option will not go along with the succeeding terms, and the decree of the chancellor will be affirmed.

*Decree affirmed with costs.*