## CAPLAN *v.* GOLDSTEIN

[No. 74, September Term, 1963.]

*Decided November 5, 1963.*

The cause was argued before HENDERSON, HAMMOND, HOR-NEY, MARBURY and SYBERT, JJ.

*William J. Pittler* and *Albert L. Sklar*, with whom were *Sklar & Sullivan* on the brief, for appellants.

*Leonard S. Jacobson* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal presents the narrow question whether an option to purchase land, contained in a lease, may be exercised by a tenant holding over. The facts are undisputed, and the question comes here upon the granting of the tenant's motion for summary judgment in a bill for specific performance by the tenant.

On September 25, 1955, the Caplans executed a lease of a tract of unimproved land to Goldstein for a period of six months at a rental of $150.00 per month. The tenant was given the right to place improvements thereon, and did so. The lease provided in paragraph 3 that the tenant should have "the unconditional rights and options to renew this lease subject to all of the same terms and conditions as set out for the original six month term hereof, for four successive and consecutive optional periods of five years each, the First Optional Period beginning on the first day of April, 1956 and ending on the 31st day of March, 1961; the Second Optional Period beginning on the first day of April, 1961 and ending on the 31st day of March, 1966; * * *." There followed statements as to the terms, finally ending on March 31, 1976, and provisions that the tenant should notify the landlord a certain number of days before the end of each term, if he desired to renew, and that if notice of renewal was not sent "then upon the expiration of such term this lease shall automatically terminate."

Paragraph 7 of the lease provided that "at any time after August 1, 1960, the Tenant shall have the unconditional right and option to purchase in its entirety the herein demised premises upon the giving to the Landlords of a thirty day notice in writing of the Tenant's desire to make such purchase. The pur-

chase price to be paid to the Landlords and to be accepted by them shall be computed at the rate of Five Thousand Dollars ($5,000.00) per acre, * * *."

Goldstein took possession of the leased premises and continuously occupied them and paid the monthly installments of rent, although he did not give the required notice of renewal prior to the expiration of the original term. The landlords accepted the monthly payments. On September 7, 1962, Goldstein sent to the Caplans by registered mail a letter purporting to exercise the option to purchase the demised premises. The Caplans refused to convey the property and this suit followed.

In *Gressitt v. Anderson,* 187 Md. 586, the tenant under a lease for a term of one year held over and attempted to exercise an option during a second year. The lease provided that the option could be exercised "at any time during the life of this lease after April 27, 1944", the date when the lease began. Admittedly, the lease had terminated and it was argued that the option was limited to the life of the lease, and hence could not survive it. It was argued that the rule of implication, laid down in the earlier cases cited, was inapplicable in the face of the express limitation, but we held otherwise. The *Gressitt* case was followed in *Bagley v. Clark,* 190 Md. 223, and *Hyatt v. Romero,* 190 Md. 500. See also *Stedman v. Hill,* 195 Md. 568. We find nothing to the contrary in *Darling Shops v. Balto. Center,* 191 Md. 289.

The appellants seek to distinguish the *Gressitt* case on the ground that there the option could be exercised at any time during the term, whereas in the instant case it could not be exercised until after August 1, 1960, and the original lease was terminated before that date. In the *Gressitt* case the attempted exercise, as here, was after the original term, and after the lease itself had terminated. The mere fact that the present lease set a time before which the option could not be exercised is no bar, since that time limitation was satisfied. With that condition fulfilled, we think the *Gressitt* case is indistinguishable and controlling.

The appellants rely upon *Canary v. Wagner,* 191 Md. 413. It is true that it was there held that the option did not survive the termination of the lease, although the lease provided that

it should continue in force from year to year after the expiration of the initial four and one-half year term. But the option was limited by its express terms to one point of time, at "the expiration of the above four and one-half years term mentioned." It was held that the parties did not intend to permit a redemption after that time. In the instant case the language was "at any time after August 1, 1960," and the exercise was in 1962. The case is readily distinguishable.

*Decree affirmed, with costs.*